## Case No. 15,613.

### UNITED STATES v. The LITTLE CHARLES.

[1 Brock. 380.] 1

Circuit Court, D. Virginia. Nov. Term, 1819.

PRACTICE IN ADMIRALTY—FORFEITURE—EMBARGO —BOND.

1. An order, made by a district judge of the United States, for the release of a vessel libelled for a breach of the embargo laws, is as valid, if made by the judge, at his chambers, as if it were made in open court.

[Cited in Cunningham v. Neagle, 10 Sup. Ct. 665, 135 U. S. 56.]

2. Where the condition of a bond is, that the parties will perform the decree of the court, the term "the court," means. the court which shall ultimately decide the cause.

3. The admiralty courts of the United States may proceed, under their general powers, in every case in which they are not restrained from the exercise of those powers by statute.

4. A defendant will not be permitted to avail himself of an irregularity to which he is himself a party.

[Cited in Todd v. The Tulchen, 2 Fed. 603.]

See the proceedings against the Little Charles, Case No. 15,612.

This court, at the May term, 1818, having reversed the decree of the district court, dismissing the libel against the Little Charles, and rendered a decree of forfeiture against the vessel, a monition, issued against Charles Grice, owner, and Warren Ashley, requiring them to appear at the next term thereafter, and show cause why a decree should not be rendered against them, for the sum of mon-

1 [Reported by John W. Brockenbrough, Esq.]

ey expressed in the obligation. The bond was executed by these parties, pending the proceedings in the district court, for the appraised value of the vessel and one hundred dollars in addition thereto, according to law, conditioned to perform the decree of the court. Upon the execution of this bond, the marshal released her under an order of the district judge.

Warren Ashley appeared at this term of the court and the attorney for the United States moved for an execution against him. This motion was opposed by Ashley, upon the grounds stated in the following opinion.

MARSHALL, Circuit Justice. This is a motion for an execution against Warren Ashley, who signed a bond with Charles Grice, the owner of the Little Charles, then libelled for a breach of the embargo laws, on receiving which the vessel was restored to the owner. In the district court, the vessel was acquitted; that sentence was, on appeal, reversed, and the vessel was condemned by the sentence of this court. On the return of the monition, which has been issued to the party who signed the bond, Mr. Ashley contends that the proceedings in the case have been so singular, informal, and defective, that no execution can be issued on the bond against him. The objections are:

1. That the order for release, is a nullity, and all the consequent proceedings void, because the order was made by the judge, at his chambers, and not in court. The judicial act appoints certain stated terms of the district court, and gives the judge power to hold special courts at his discretion, either at the place appointed by law, "or at such other place in the district, as the nature of the business, and his discretion shall direct." No power, it is contended, is given to the judge, except when sitting as a court, and, therefore, the form of declaring himself to be a court, is indispensable to the validity of his acts.

This objection seems rather technical than substantial. By law, the district judge alone composes the court. He is a court wherever, and whenever he pleases. No notice to parties is required; no previous order is necessary. The various ex parte orders which admiralty proceedings require, renders this informal mode of acting essential to justice and expedition. The judge will take care that neither party be injured by the orders which he makes ex parte, and where they are of course, it is convenient that they should be made without the formality of summoning the parties to attend. It does not seem to be a violent construction of such an act, to consider the judge as constituting a court whenever he proceeds on judicial business. Such seems to have been the practice in this, and in other districts of the United States. Had the judge prefixed to his order such words as these, "At a special court, held at ——, on this —— day of

——, it is ordered, &c.," the proceedings would have been regular, for the law does not, in terms at least, require that the order for a special court should be made in court, or made any given time previous to its session. To every purpose of justice, the order of the judge, made in his character as a judge, is made by him as a court, whether he declares himself, in words, to be a court, or not. This order is, in its nature, judicial. It is such an order as may be made ex parte; it is signed by the judge, in his official character, and is directed to the officer of the court. Under such circumstances, I cannot overturn a practice which is convenient, which is not liable to abuse, on a mere technical objection.

2. The second objection is, that the condition of the bond has not been broken. It is to perform the decree of the court, which must mean the district court; and by that decree, the libel was dismissed.

This objection, too, must search for other support than is furnished by the merits of the cause. The bond was intended to be substituted for the vessel, and to be acted upon as the vessel would have been acted upon, had it remained in the power of the court. I think myself justified, then, by authority and by reason, in construing the general term, "the court," which is used in the condition, as meaning the court which shall ultimately decide the cause.

3. An objection which I felt most difficulty in removing, was, that the bond was executed to the marshal, and that the valuation ought to have been made by commissioners appointed by the court.

I believe there is no special act of congress prescribing the form of the bond, or the mode of valuing the property. The act for regulating process in the courts of the United States, directs, that in causes in equity, and in those of admiralty and maritime jurisdiction, the proceedings shall be "according to the principles, rules and usages, which belong to courts of equity and courts of admiralty, respectively, as contra-distinguished from courts of common law." The courts of the United States have never doubted their right to proceed under their general powers, as courts of admiralty, where they were not restrained from the use of those powers by statute. It may be, that the proceedings in this case have not conformed strictly to the usages of admiralty. But I do not think the defendant can be permitted to avail himself of an irregularity to which he is himself a party, and which could only affect the libellants. The bond is executed voluntarily to the marshal, for the purpose of being substituted for the vessel, and with full knowledge of the valuation. The libellants might have objected, that the valuation was informal and insufficient. But they have not objected. The stipulation, as it is, was filed in court, and has remained there in place of the vessel. I

do not think, that those who, with full knowledge, have made this stipulation, have placed it in the stead of the vessel, and thereby obtained restitution thereof, can be permitted to allege any unimportant informality in their own act.

The execution is to be awarded.