### NEALL v. CURRAN et al.

(District Court, D. Massachusetts. April 21, 1899.)

No. 966.

ADMIRALTY PLEADING — DISCRETION OF COURT — MULTIFARIOUSNESS AND MISJOINDER.

There is no rule of admiralty pleading which renders a libel by a vessel owner to recover freight earned subject to exception for multifariousness and misjoinder because it joins the charterer and another, to whom the bill of lading had been transferred, and asks recovery in the alternative against one or the other, alleging that, by reason of certain facts set out, the libelant is unable to say which is liable; and the court has discretion to permit such joinder, where it will conduce to its own convenience in the trial of the claims, and will result in no injustice to the parties.

In Admiralty. On exception to libel.

Carver & Blodgett, for libelant.

Henry M. Rogers, for respondents.

LOWELL, District Judge. The libel in this case was brought by the owner of the barge Felix against Curran & Burton and the Delaware Insurance Company. It sets out that the Felix was chartered to Curran & Burton to carry a cargo of coal; that she was loaded, and a bill of lading given to her master, in which Curran & Burton were designated as consignees; that she was wrecked while on her voyage, was raised, and a large part of her cargo delivered according to the terms of the charter and the bill of lading; that the insurance company had issued a policy of insurance to Curran & Burton on the cargo, had paid to them a total loss, had received the bill of lading, duly indorsed by Curran & Burton to the insurance company, and had become subrogated to the rights of Curran & Burton, and subject to their liabilities as consignees and shippers; that the cargo was received by Curran & Burton, on behalf of the insurance company, without notice to the libelant; that freight was earned thereon, and was demanded both from Curran & Burton and from the insurance company, and that each of the claimants alleged that the said freight should be paid by the other; "that the said freight as aforesaid is due to your libelant from the said Curran & Burton, as the persons making the contract of charter and the receivers of the same, and is also due from the said Delaware Insurance Company, as the holders of the bill of lading, and persons receiving the property, they afterwards having sold it." The claimants duly excepted upon the

ground of multifariousness and misjoinder, and because the allegations of the libel were contradictory, conflicting, irreconcilable, and incompatible, and because the libelant was bound to elect which of the defendants he would seek to hold liable, and to discontinue as against the other.

As the libelant's case was presented in the libel and at the argument, it is a claim for freight arising out of a given charter party, which claim, he alleges, is valid against both the claimants, or, at the least, against one of them; but, if against only one, then, by reason of a doubt concerning law or fact, he is ignorant which defendant is liable. The libelant, in substance, says: "As the result of a certain transaction, A. and B. are liable to me,—one or both,—I do not know which; and therefore I proceed against both of them in the same suit, seeking to recover against one or both according as my right shall appear." It should be added that the libelant has disclosed the circumstances of his claim as fully as he can, and that the claimants do not contend that he has concealed anything, or that they will be taken by surprise. If this were a declaration at common law, it would be demurrable, and so it would very possibly be if it were a bill in equity. No case has been pointed out in which a plaintiff was permitted to sue A. and B. in one action, alleging that one of the two was liable,—he did not know which. This is a libel in admiralty, and the libelant contends that in admiralty the rule is different. There is no doubt that the rules of pleading in admiralty are more liberal than at law or in equity. Multifariousness and misjoinder are to some extent technical defenses. Their validity as defenses is largely determined by historical considerations and by early precedents in pleading. The substantial reason why two controversies closely related to each other may not, in a given case, be determined in one action, is that from their joinder and from their trial together there would result either inconvenience to the court or injustice to a party. In the case at bar the convenience of the court makes for joinder and a trial of the plaintiff's claims at the same time, and such a trial will do no injustice to either of the claimants. If the facts in this case were to be investigated by a jury, the claimants might well be prejudiced by a joint trial of the claims against them, as the jury might hastily infer that one of the two claimants must be liable, but before a judge no harm will ensue. With rules of pleading so elastic as those in admiralty, much must be left to the discretion of the court; and it may be that, in some cases in admiralty, claims against two parties in the alternative, arising out of the same transaction, cannot properly be joined and tried together. In this case I think justice and convenience unite to make a single action and a single trial advisable. Exceptions overruled.