**MALGOR, GONZALEZ & CO., S. en C., v. ROYAL INS. CO., Limited, et al.**

(Circuit Court of Appeals, First Circuit. December 11, 1923.)

No. 1649.

**1. Insurance ⬅635—Allegation as to goods jettisoned ambiguous.**

A libel on a marine insurance policy, alleging that libelants sold goods shipped in 343 separate packages, separately insured, that the vessel encountered heavy storm, and sprung a leak, and it became necessary to throw overboard the greater part of the cargo. which was composed of consignments of merchandise to various consignees, was ambiguous as to what goods were jettisoned, and should be made plain by amendment.

**2. Insurance ⬅635—Insurer held not let out as far as loss was subject to general average.**

Where libel alleged that insured goods were perishable and were jettisoned, lost, or destroyed by stranding, or, if not so lost or destroyed, were taken possession of and kept by the insurer, which demanded and received premium with knowledge of the situation, in so far as the loss was subject to general average, the insurer was not let out, and court erred in sustaining exception to the libel.

**3. Insurance ⬅470—Insurer cannot take and keep insured goods for months without being liable.**

An insurer, after a shipwreck, cannot take and keep insured goods for months without being held liable therefor, especially where the goods are perishable.

**4. Admiralty ⬅79—Practice should be simple.**

Admiralty practice and procedure should be simple and untechnical.

Appeal from the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Libel in admiralty by Malgor, Gonzalez & Co., S. en C., against the Royal Insurance Company, Limited, and others. Decree for respondents, and libelants appeal. Reversed and remanded.

E. B. Wilcox, of San Juan, Porto Rico, for appellants.

Dix W. Noel, of New York City (Edward E. Blodgett, of Boston, Mass., and Oscar R. Houston, George S. Brengle, and Bigham, Englar & Jones, all of New York City, on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The court below sustained the libelee's exceptions and dismissed the libel. The only question is whether there is enough in the libel to require the libelee to answer. Plainly there is. The case stated is that one Perez bought of the libelants, merchants in San Juan, about July 1, 1920, a lot of groceries, to be shipped to Perez, in Viequez, another island constituting a part of Porto Rico, the merchants to insure the safe arrival of the goods at the port of Viequez from loss from the perils of the sea and dangers of the voyage; that the groceries were shipped on a sailing vessel, the Julio, a vessel accepted by the respondent for such transportation, in 343 separate packages, each package separately insured; that on the voyage the Julio encountered a heavy storm and sprung a leak, endangering ship and crew, so that it became necessary "to throw overboard the greater part of the cargo, which was composed of consignments of merchandise to various consignees other than the one to Mr. Bernabe Perez, and to run for safety to the nearest port to prevent the ship sinking at sea, the said port being Fajardo, P. R."

[1] This allegation as to what goods were jettisoned is ambiguous, and should be made plain by amendment.

It is further alleged that the Julio became unmanageable and was never able to continue her voyage to the port of destination, and that none of the merchandise was ever delivered to the libelants or Perez, and "that all of same was a total loss;" that the respondent had insured other consignments on the same vessel, and that on arrival at Fajardo some of the cargo was on board, but completely submerged, so that what remained of the jettison was put ashore by salvors; that respondent's general agents were notified, whose representative went to Fajardo and took possession of such of the remainder as had been insured by the respondent, "and since that time respondent has remained in full and exclusive possession, custody, and control of same;" that, after learning of the situation, the libelants demanded payment of the full amount of the loss of $5,600; that to this demand the libelee replied that it suspected that the Julio had been purposely sunk, and that the claim would not be paid until after investigation; the subsequent repeated demands failed to elicit payment, or a definite reply; that, under the usual course of business, the premiums on policies placed during the month were not collected until the close of the month; that the libelee, after full knowledge of the conditions above stated, collected premiums for the insurance on the cargo in question. It is

explicitly alleged that the policy was not subject to the exception of, the general average.

To this libel, which was the third amended libel, the libelee filed five exceptions, three of which were sustained by the court below. Those three are as follows:

"(3) That it appears from a reading of the copy of the policy attached to the amended libel that the goods shipped by the libelant were insured free of particular average and the losses alleged in the said amended libel are particular average losses.

"(4) That it appears from a reading of the insurance policy attached to the amended libel herein that libelants cannot recover for, and respondents are not responsible for, a constructive total loss of the goods insured.

"(5) That it does not appear from said third amended libel what portion of the losses alleged were particular average losses, as distinguished from general average losses."

The policy "covers the risk from warehouse to warehouse, including risk of launches, each package constituting one single risk."

[2] The situation disclosed by this libel is that the insured goods were perishable goods, and were jettisoned, lost, or destroyed by stranding, or, if some were not lost or destroyed by jettison or stranding, they were taken possession of and kept by the insurer, which demanded and received full payment of the premium, after the loss and with knowledge of the situation. It is plain that, if and in so far as the loss was subject to general average, the insurer was not let out.

Compare Washburn, etc., Co. v. Insurance Co., 179 U. S. 1, 21 Sup. Ct. 1, 45 L. Ed. 49; Hughes on Admiralty (2d Ed.) p. 44; 36 Cyc. 372.

[3] It is also clear that on the allegations of the libel it might be found or ruled, or both, that if some of the packages, which were insured separately, were not lost or destroyed, as to them the insured abandoned, and the insurer accepted the abandonment. Col. Ins. Co. v. Catlett, 12 Wheat. 383, 394, 6 L. Ed. 664; 26 Cyc. 703. It cannot be that, after a wreck, an insurer can take and keep for months, even years, an insured's goods without being held liable therefor. Nor should it be overlooked that each of the 343 packages constituted a single risk, many or most of which were perishables, which would, or might, greatly limit the application of the particular average or partial loss exception or warranty in the policy.

See Washburn, etc., Co. v. Insurance Co., supra, and cases cited; 26 Cyc. 670.

It is not necessary on the present record to determine whether section 8367 of the Compiled Statutes of Porto Rico is or is not applicable.

[4] Admiralty practice and procedure should be simple and untechnical. 1 C. J. 1292; Hughes, p. 399; Toledo S. S. Co. v. Zenith Tr. Co., 184 Fed. 391, 399, 106 C. C. A. 501; Neall v. Curran (D. C.) 93 Fed. 831. It is enough on this record now to hold that the libelant has made out a case, which the libelee, who knows the facts or is in a position to ascertain them, should promptly answer.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellants recover costs of appeal.