## THE BELFAST MARU.

## GULF REFINING CO. v. SUDERMAN & YOUNG.

(District Court, S. D. Texas, at Galveston. May 26, 1925.)

Nos. 1253, 1256.

**Admiralty ⬚75—Rule as to discovery of documents before trial to be broadly applied.**

Under admiralty rule 32, an order may properly be made in broad language, requiring a party to make discovery on oath of any and all documents, of whatever nature or kind, which are or have been in his possession, control, or power, pertaining or in any way relating to the matters or questions in issue in the cause.

In Admiralty. Suit by the W. H. Haden Company, owner of the crude oil tug Zoe, and the Bay Towing Company, owner of the barge Colonel Moore, against the steamship Belfast Maru. Suit by the Gulf Refining Company, owner of the launch Boston, against Suderman & Young, a corporation, owner of the steam tug William J. Kelly. On motion by libelants to set aside order requiring discovery of documents. Denied.

In No. 1253:
Baker, Botts, Parker & Garwood, of Houston, Tex., for libelant.
McDonald & Wayman, of Galveston, Tex., for intervener.
John L. Darrouzet and John R. Palmer, both of Galveston, Tex., for respondent.

In No. 1256:
W. T. Armstrong and W. E. Cranford, both of Galveston, Tex., for libelant.
John L. Darrouzet and John R. Palmer, both of Galveston, Tex., for respondent.

HUTCHESON, District Judge. On application of the respondents in the above cases under admiralty rule 32: "After joinder of issue and before trial any party may apply to the court for an order directing any other party, his agent or representative, to make discovery on oath of any documents which are or have been in his possession or power relating to any matter or question in issue, and the court may order the production by any party, his agent or representative, on oath of such of the documents in his possession or power relating to any matter in question in the cause as the court shall think right, and the court may deal with such documents when produced in such manner as shall appear just"—the following order was entered, ex parte and as of course:

"Upon the application of Mr. John R. Palmer, one of the proctors for the above-named respondent, and upon referring to the

record herein from which it appears that issue has now been joined between the parties: It is ordered that the above-named libelant shall within fifteen days from the service of this order make discovery upon oath of all letters, paper writings, books of account, policies of insurance, bills, receipts, vouchers, and any and all other documents, of whatever nature or kind, which are or have been in its possession, control, or power, pertaining or in any way relative to the matters or questions in issue in these proceedings."

The libelants in the cases, with leave of the court, appeared, seeking to have the order set aside. Upon hearing of the matter, argument was had, and full and comprehensive briefs were filed, and the question involved was interestingly and ably discussed.

The contention of the libelants is that the order of the court requiring a disclosure by libelants of all papers, letters, documents, telegrams, policies of insurance, bills accounts, etc., was beyond the power of the court to make; that it operates to give the applicant for the order fishing rights on libelants' premises, which the law does not accord them; and that it was contrary to the established and recognized procedure for discovery, which libelants contend rule 32 should be construed as merely declaratory of.

As a preliminary matter I may say that, quoting from the dissenting opinion of Justice Holmes in Southern Pac. Co. v. Jensen, 244 U. S. 221, 37 S. Ct. 531, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900: "I recognize without hesitation that judges do and must legislate, but they can do so only interstitially; they are confined from molar to molecular motions. A common-law judge could not say, I think the doctrine of consideration a bit of historical nonsense and shall not enforce it in my court. No more could a judge exercising the limited jurisdiction of admiralty say, I think well of the common-law rules of master and servant and propose to introduce them here en bloc."

But I also believe with Justice Brandeis, in his dissenting opinion in Burns Baking Co. v. Bryan, 264 U. S. 520, 44 S. Ct. 416, 68 L. Ed. 813, 32 A. L. R. 661: "Sometimes, if we would guide by the light of reason, we must let our minds be bold"—and that as stated by the same judge in Washington v. Dawson & Co., 264 U. S. 236, 44 S. Ct. 308, 68 L. Ed. 646,—"Such limitation of principles previously announced, and such express disapproval of dicta, are often necessary. It is an unavoidable incident of the search by courts of last resort for the true rule. The process of inclusion and exclusion, so often applied in developing a rule, cannot end with its first enunciation. The rule as announced must be deemed tentative, for the many and varying facts to which it will be applied cannot be foreseen. Modification implies growth. It is the life of the law."

Holding these views of the growth of the law, and believing as I do that the narrow limits placed upon discovery by the adjudication of the courts both of equity and admiralty in the past have not been conducive to justice, but have smacked much of legalistic precision, I would be inclined, if I were put to it, to seize upon the opportunity given by rule 32 and legislate judicially in aid of its provisions.

Raised, as I have been, in a blended jurisdiction, which does not recognize the equity practice of bill of discovery, but gives to each person the right in ex parte interrogatories to search his adversary as drastically as the art of cross-examination can devise, I am not much impressed with the refinements upon the practice of discovery worked on it by courts operating in jurisdictions where the full right of disclosure provided by our ex parte practices does not exist. I am not, however, put to the necessity of ordinary judicial legislation, for in the enactment of this rule the Supreme Court of the United States has exercised legislative power of a broader character than that which I have been discussing, and in the exercise of that power of rule making has in a clean-out and vigorous way, in language simple and easy of understanding, precise and not difficult of application, furnished a guide and directed a procedure.

Whether, as counsel for respondents contend, the rule was imported directly from the English practice, and there was therefore imported with it the English decisions under it as the binding rule of construction, is not necessary for me to decide. Certainly they are legitimate and persuasive sources of interpretation, and coinciding, as they do, with my own interpretation of the rule, they strengthen and enforce my view that the rule means what it says, and should be applied in accordance with its terms, as a clean, new rule, not barnacled with old precedents drawn from equity practices, established when a suit in chancery was a fearful and a wonderful thing in its complications, and when counsel had always, like Agag, to go "stepping delicately."

Nor does the rule, as properly construed and applied, deprive a litigant of any fair

and proper right. Of course, if litigation is to be conducted upon the basis of a rough and tumble with catch-as-catch-can rules, not excluding even biting and gouging, the observance of the practice invoked by respondents will greatly hamper it, as it will take from it its chief tactical advantage, that of surprise, and thus tend to prevent the miscarriage of justice through concealment of the facts.

If litigation is conducted, as indeed it ought to be, as an effort to develop, fully, fairly, and clearly the whole facts of a cause, no one ought to be injured by a motion of this kind since the rule makes full provision after discovery, for protection against disclosure and production of any document which ought not in fairness to be disclosed. It is my view, then, that the order of discovery heretofore entered was properly entered, and that it should be complied with.

But since, upon the permission and at the invitation of the court, the argument on the matter has been prolonged, and respondents have delayed compliance with the order until the coming in of this opinion, it is ordered that the time limit in the order heretofore entered be extended for such time as the respondents and libelants can agree upon, and, if they cannot agree, upon a showing of that fact by respondents, the court will fix such time.