**TEXAS CO. v. GULF REFINING CO.**

(District Court, S. D. Texas, at Houston. April 5, 1926.)

No. 253.

**I. Courts ⟨351—Order of court required for propounding interrogatories to officer of corporation party (equity rule 58).**

In all suits where a corporation is a party, interrogatories may be propounded to an officer only pursuant to leave of court, by an order obtained under equity rule 58.

**2. Corporations ⟨419.**

In answering interrogatories propounded by the opposite party, an officer of a corporation speaks for the corporation, as its agent.

**3. Discovery ⟨49—The same questions may not be propounded by interrogatory to different officers of a corporation party.**

In a suit against a corporation, different officers may not be required to answer the same questions propounded by interrogatories; but, if their personal testimony is desired, they should be called as witnesses.

**4. Courts ⟨351—Party may propound interrogatories material to either the cause of action or defense (equity rule 58).**

Equity rule 58 authorizes interrogatories by either party for discovery of facts material to either the cause of action or defense.

In Equity. Suit by the Texas Company against the Gulf Refining Company. On motion by complainant for leave to file interrogatories under equity rule 58. Motion granted in part, and denied in part.

C. R. Wharton, J. A. McNair, and Brady Cole, all of Houston, Tex., for plaintiff.

D. Edward Greer and John E. Green, Jr., both of Houston, Tex., for defendant.

HUTCHESON, District Judge. [1] Borrowing from the plaintiff's brief his martial figure, plaintiff, at first without securing an order of the court, "advanced" to make a breach in the defendant's lines by filing interrogatories to a corporate defendant under equity rule No. 58. This "advance," distinguished alike by the hardihood and lack of discretion often characterizing advances by sappers and mining parties, the defendant repelled by motion to strike, invoking the second paragraph of the rule:

"If any party to the cause is a public or private corporation, any opposite party may apply to the court or judge for an order allowing him to file interrogatories to be answered by any officer of the corporation, and an order may be made accordingly for the examination of such officer as may appear to be proper upon such interrogatories as the court or judge may think fit."

Whereupon plaintiff, calling in his pioneer detachment by asking to withdraw his interrogatories, reformed his lines under cover of an application to the court for an order under the second paragraph, and again advanced, this time with discretion and in good order.

Though, in view of the plaintiff's express withdrawal of what he calls his original bill of discovery, it is not necessary for me to decide whether it was correctly filed, I have

concluded to say, for the future guidance of parties in this court, that I think it entirely plain that the original interrogatories were improperly filed, and that the second paragraph of the rule controls and provides the practice for all proceedings under the rule involving corporations as parties. I think it evident that plaintiff, as to part of the relief asked in his motion, has entirely misapprehended the purpose and effect of the rule. On his brief he says: "We wish also to probe the private consciences of the three individual officers of the defendant corporation." If, as appears from plaintiff's use of the terms, an officer of a corporation has two consciences, one corporate and the other private, it ought to go for granted that it is only his corporate conscience which plaintiff can make discovery of under this rule; for it is the corporation, and not the officer, who is a party, and therefore his corporate, and not his private, conscience which may be probed.

[2] But I think this splitting of his conscience into corporate and private has no sanction in either law, metaphysics, or morals, for a corporate officer is still a man in all parts like as we are, who answers when directed to do so by the court on behalf of the corporation as its agent, as its act and admission, and, if under oath, under the obligations and pains and penalties thereof.

[3] Therefore it is plain that, while any and all of these officers may be examined as witnesses under proper process, they may not be made to testify under oath through this device, nor can the corporation be made to answer the same questions through the four different officers. The motion, in so far as it relates to the effort to probe the "private" conscience of the three named officers, is denied, and the interrogatories as to them stricken from the file.

It remains only to consider whether the court should grant the order requiring George S. Davidson, president, or some other officer, to answer the interrogatories submitted for answer. That the general right to propound interrogatories exists is settled under the rule, that the rule is limited as to the character and extent of the interrogatories permitted under it is settled by the authorities, and that the interrogatories 1 to 11 transgress those limitations as fixed by all the courts the slightest inspection makes manifest.

They do not seek ultimate material facts by way of admission. They are directed to secure fishing rights in a neighbor's pond, under which they hope to catch witnesses, throwing back the minnows and keeping the whales, and evidentiary details by which they may build their case. That a rule designed to secure the admission of material facts, in order to shorten trials and eliminate tedious proof, cannot be invoked in this way, the authorities all concur. Goodrich v. Carlin (D. C.) 4 F.(2d) 569. It follows that the motion as to interrogatories 1 to 11 will be denied.

Interrogatory 12 presents a different question, for while the second paragraph, calling for the names of witnesses, is subject to the same objection as the first 11, the twelfth interrogatory really calls for the admission of definite substantive facts which are material in the cause.

[4] Defendant opposes answering these interrogatories on the ground that it has nothing to do with plaintiff's case, but relates entirely to the defense, and is therefore not the subject of interrogation by plaintiff under the rule. On this point, though the almost unanimous voice of the District Judges is with the defendant's contention, I do not agree with them, for I think it entirely clear that, in derogation of the plain language, they have written into the rule limitations which it does not contain. Quirk v. Quirk (D. C.) 259 F. 597; Batdorf v. Sattley (D. C.) 238 F. 925.

The rule was adopted to simplify litigation, and, construed always with that end in view, should be applied in accordance with its terms as a clean, new rule, not barnacled with old precedents. The Belfast Maru (D. C.) 6 F.(2d) 89, where this matter was considered by me in connection with admiralty rule 32.

Believing that the plain language of the rule authorizing interrogatories by either parties concerning either the cause of action or the defense should be given effect, the motion, while denied in all other particulars, will be granted as to the substantive inquiry of interrogatory 12, and an order drawn in accordance herewith within 10 days will be entered.