## THE CLEONA.
## THE JOSEPH C. REICHERT.

District Court, S. D. New York. January 28, 1930.

Single & Single, of New York City (George B. Warburton, of New York City, of counsel), for the motion.

Macklin, Brown, Lenahan & Speer, of New York City (Paul Speer, of New York City, of counsel), opposed.

WOOLSEY, District Judge. This motion is granted in respect of all these interrogatories except Nos. 1, 1a, 2b, and 2c. The Reading Company, as claimant of the Cleona, must answer the interrogatories which are hereby sustained within ten days from service on its proctors of the order to be entered herein.

In this case the New York Central Railroad Company has libeled two vessels, the tug Reichert and its tow, the barge Cleona, for damage to its submarine cables laid on the bed of the Harlem river. The damage is alleged to have been caused on October 1, 1928, by the negligent navigation of the two vessels by reason of which the anchor of the barge Cleona was caused and allowed to drag the bed of the river and become caught on the libelant's submarine cables.

The tug is owned by the Reichert Towing Line, Inc.; the barge Cleona by the Reading Company. These owners filed claims for their respective vessels, and in due course filed answers to the libel.

The answer of the Reichert Towing Line, Inc., as claimant of the tug, has annexed to it five interrogatories addressed to the Reading Company as owner and claimant of the Cleona.

The Reading Company first objects to these interrogatories on the ground that the right to file interrogatories does not exist except when there are pleadings creating issues between the parties, and that, as the two vessels were jointly sued by the libelant, they are, in effect, strangers so far as discovery between them is concerned.

As this is a novel question and the parties both requested that I should express my views on it in writing, I reserved my decision, although I did not have any doubt of the propriety of the procedure followed by the claimant of the tug in propounding the interrogatories to the claimant of a vessel sued jointly with it.

In the first place, it must be remembered that, fortunately, admiralty practice is plastic. It is largely judge-made, and consequently not technical—in fact, it is less technical than equity practice. Broadening from precedent to precedent, and based on a wisely administered convenience, admiralty practice has always been prepared to cope with new situations as they have arisen. Cf. The Epsilon, 6 Ben. 378, 389, Fed. Cas. No. 4,506; The Hudson (D. C.) 15 F. 162, 175, 176; The Alert (D. C.) 40 F. 836, 838; Malgor v. Royal Insurance Co. (C. C. A.) 294 F. 63, 65; The Belfast Maru (D. C.) 6 F.(2d) 89, 90, 91; Munson Inland Lines, Inc., v. Ins. Co. of North America et al. (D. C.) 36 F.(2d) 269, 1929 A. M. C. 1448, 1450–1452. For earlier cases, see Dexter v. Munroe, 7 Fed. Cas. 616, 617; Richmond v. New Bedford Copper Co., 20 Fed. Cas. 738, 739; United States v. The Little Charles, 26 Fed. Cas. 982, 983.

Whilst the practice thus formed on precedent has from time to time been embodied in rules by the Supreme Court which have caused a wise procedure in one court to be made universal in the admiralty courts of the United States, there has never been any tendency in the rules which the Supreme Court has promulgated to limit the freedom of the District Courts in adopting new rules or principles of admiralty practice on appropriate occasion, provided the practice adopted does not conflict with the Supreme Court rules.

The present Admiralty Rules of the Supreme Court, promulgated December 6, 1920, to take effect March 7, 1921, 254 U. S. 698, 40 S. Ct. xvii, contain, as Rule XLIV, the following:

"In suits in admiralty in all cases not provided for by these rules or by statute, the district courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

This rule had its prototype in Rule XLVI of the Admiralty Rules of the Supreme Court which were in force before March 7, 1921.

There is not anything in the rules of the Supreme Court, or of this court, which controls the situation here found. I feel, therefore, that I am quite free to use my discretion in dealing with this new point in admiralty practice, and that it is my duty to exercise the power which I hold in trust for the benefit of litigants and to adapt admiralty procedure in this case to the practical needs of justice. Cf. The Alert (D. C.) 40 F. 836, 838.

If there had been a petition under the third party practice of Supreme Court Rule LVI to bring in the Cleona, there would not

have been any question raised as to the propriety of annexing interrogatories to the petition.

Rule LVI provides that, after the second vessel or party respondent is joined under the practice prescribed thereby, the "suit shall proceed as if such vessel or person had been originally proceeded against."

The petition under Rule LVI is in its essence merely a statement of reasons why the third party should have a writ issued against it, and partakes more of the nature of an affidavit for process than it does of the nature of a pleading.

After the joinder, the new vessel or the party joined has to answer the libel as well as the petition. Consequently when the petition has accomplished its function, and the parties or vessels in question are locked into the suit, we have, when one party is impleaded, the same situation as here, a suit with a libelant and two respondents, or two vessels against whom wrongdoing is claimed.

Either of the claimants of the vessels sued, or either of the respondents can put interrogatories in its answer to the libelant, and, under the present practice of this court, may, with leave of court, put interrogatories to the other party independent of its pleading.

The utmost freedom of discovery before trial, compatible with allowing to a party certain necessary reticences in respect of his oral evidence, is of the essence in any enlightened procedure. And I cannot, after much consideration of the interesting question involved in this case, see any reason whatever for changing my view expressed at the argument and holding that one of the parties, in the position of respondents jointly sued, may not address proper interrogatories to the other.

I think that, on the other hand, to allow the practice, might on occasion considerably clarify the issues.

Especially in a case of this kind, where the question will probably be not whether the libelant should recover, but which of the vessels sued should be held primarily liable. I think that it is important to have some of the facts on which this question may turn put down in black and white before the trial.

Indeed when there is not any pleading between jointly sued vessels or parties in the position of respondents, interrogatories and answers thereto may be used to create issues and be considered as convenient substitutes for pleadings under analogy to the rule that, when annexed to pleadings in a suit, they occupy the status of pleadings and constitute merely amplifications thereof. Cf. The Serapis (D. C.) 37 Fed. 436. In that case Judge Addison Brown said, at page 442:

"Such answers to interrogatories propounded at the close of the pleading under admiralty rules 23 and 27, are not strictly evidence in the cause, in any different sense than that in which the pleadings are evidence. Andrews v. Wall, 3 How. 568 [11 L. Ed. 729]. Though sworn to, they are not a 'deposition' for which costs can be taxed under Rev. St. § 824. Such answers to interrogatories are designed rather as compulsory amplifications of the pleadings on the specific subjects propounded in the interrogatories, so as to dispense with the taking of proofs, or evidence proper, on the facts that may be admitted. When the interrogatories are propounded by the libel, the replies usually make part of the answer itself. Dunl. Adm. Pr. 201. It is immaterial whether they are answered as a part of a pleading or separately. As evidence, they stand like the pleadings only. They are parts of the record, and may, like the pleadings, be referred to by either party. What is admitted, needs no further proof; but as respects matters which still remain at issue, such answers are not affirmative proof in favor of the party making them. Williams & B. Adm. Prac. (2d Ed.) 410."

Having thus determined that the practice followed here is not objectionable, it remains to be considered whether any of the individual interrogatories are improper.

Without entering into a detailed discussion of them, I sustain the objections of the Reading Company to interrogatories Nos. 1, 1a, 2b, and 2c, and overrule its objections to the other interrogatories and subdivisions thereof.

Settle order on notice.