## THE DENALI.

### No. 13642.

District Court, W. D. Washington, N. D.
Feb. 13, 1936.

Bogle, Bogle & Gates, of Seattle, Wash., for petitioner.

Bigham, Englar, Jones & Houston, of New York City, and Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for respondent.

NETERER, District Judge.

The petitioner seeks to limit liability of claim for damages on account of stranding of Steamship Denali on a reef situated off the southeast end of Zayas Island in Caamano Passage, British Columbia, becoming a total loss, but has certain earned freight; that the loss of the vessel occurred without fault of the petitioner or officers of said crew of vessel, and without knowledge or privity, petition is in compliance with Admiralty Rule 51, 28 U.S. C.A. following section 723.

In response to processes duly issued the United States for loss of cargo, and the Pacific Coast Coal Company, et al., for loss of cargo, each filed claims, and thereafter each of said claimants filed answers to the

petition denying on information and belief substantially all the material allegations of the petition, further answering, pleaded the claims for loss of cargo, and prays (1) that limitations be denied; (2) for a decree against the petitioner for the amount of the claimant's claim with interest and cost; (3) such other and further relief as claimant may be entitled to.

To each answer are attached in identical form interrogatories, except that interrogatories 12, 13, 14, and 15, filed by the claimant, United States, do not appear in the interrogatories of the claimants Pacific Coast Coal Company, et al. The petitioner excepts to the respective answers for insufficiency, indistinctiveness, irrelevancy, incompetency, and immateriality and nonconformity to Admiralty Rule 53, 28 U.S. C.A. following section 723, requiring suitable allegations by reason of which limitation of liability should be denied.

Admiralty Rule 53, among other things, provides: "who shall have filed * * * their claim under oath, shall and may answer such * * * petition, and contest the right of the owner or owners of said ship or vessel, either to an exemption from liability, or to a limitation of liability under the said act of Congress, or both, provided such answer shall in suitable allegations state the facts and circumstances by reason of which * * * right to limitation of liability should be denied."

■ The issue presented on petition is exoneration from liability; (2) to limit liability; (3) the allowance of claims for distribution in the fund if exoneration is denied and limitation of liability be granted. The burden is upon the petitioner to show strict compliance with every provision of the law before limitation may be granted irrespective of answer of any of the claimants. The claimants may have the privilege, after filing claims, to appear and cross-examine witnesses or possibly produce witnesses, but the issue as to claims may not be interwoven with the issue of exoneration or of right of limitation, nor may a claim against the petitioning company be tendered for adjudication with the issue tendered by the petition for exoneration or limitation. The claimants have a right to file answers, but in so filing must comply with Admiralty Rule 53, and may by suitable allegations of fact and circumstances state facts by reason of which right of limitation to liability should be denied, but thereby assume the burden to show that right to limitation should be denied; however, on the whole case the burden does not shift from the petitioner, and with such answers interrogatories may be filed by claimant in support of such an answer. The claimant, to file interrogatories, must assume a burden, and a claimant may not bring himself within Admiralty Rule 53 by pleading in the answer for claim and praying relief thereon which had theretofore been filed.

The utmost freedom of discovery before trial compatible with expressed rules of procedure allowing a party certain necessary reticences in respect to his oral evidence is of the essence in any enlightened procedure. The Cleona (D.C.) 37 F.(2d) 599, at page 601.

■ Admiralty issues are submitted on equitable principles in harmony with rules of justice and expressed rules of procedure, and in consonance with principles of maritime law which pervades the practice of admiralty in this country. While the supreme purpose of doing justice is paramount to technical forms, expressed rules of procedure must predominate. Admiralty in need submits to discretion of the court, some of the procedure necessary to administer justice in the most expeditious and económical manner without economical loss of time or money to litigants.

■ Liberality of such practice might clarify the issues, but the claimant must either comply with Admiralty Rule 53 by stating facts and circumstances by which limitation of liability should be denied, or of the privilege of cross-examination of the witnesses of the petitioner upon whom rests the burden of proof and with the court's permission, producing witnesses to sustain denial of limitation, and this must obtain, unless the court upon proper application showing special circumstances and reason other than "fishing for evidence," grants permission to address interrogatories to be answered by the petitioner.

The exceptions to the answer of each claimant are sustained, as, likewise, the exceptions to the several interrogatories.