116

District Court, E. D. New York.

Aug. 2, 1945.

Macklin, Brown, Lenahan & Speer, of New York City, for respondent Pittston Stevedoring Corporation (Leo F. Hanan, of New York City, of counsel, in support of exceptions).

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y., for respondent The United States (opposed).

KENNEDY, District Judge.

On October 17, 1944, The Pennsylvania Railroad Company, as owner of covered barge P.R.R. No. 487, filed its libel against the respondents. It alleges that on October 5, 1943, while P.R.R. No. 487 was lying alongside a naval vessel (P–70) at Pier 20, Staten Island, New York discharging cargo, an Army tug passed out of the slip at high speed. At that time it is claimed the respondent Pittston Stevedoring Corporation was hoisting a sling load, and that because of the swell created by the Army tug, in combination with the negligence of the stevedores, the sling struck the forward side of the barge's hatch and caused damage. In its further answering clause, respondent Pittston alleges that the damage was caused by the excessive speed of the Army tug, and not by its own negligence. The answer of the respondent United States is limited to denials, although by implication it is clear that it intends to take the position that if any damage was caused to the barge, then respondent Pittston was at fault (see, for example, the answer of respondent United States, paragraph 5, which is addressed to the fifth article of the libel).

Some time ago, United States filed interrogatories addressed to the libel. Exceptions were taken to these, and after hearing, I overruled the exceptions by an order dated December 29, 1944. Thereafter, and on April 19, 1945, respondent United States propounded interrogatories to respondent Pittston Stevedoring Corporation. The latter filed the exceptions which are now before me.

Respondent Pittston contends that respondent United States has no right to file interrogatories at all since it contented itself with general denials in its answer. In support of its argument, Pittston cites The President, D.C.E.D.N.Y., 1931 A. M.C. 250, not officially reported, and particularly a passage in that opinion where Judge Campbell points out that a defense which is not pleaded cannot be sustained. Judge Campbell, however, was writing after a trial and I do not believe the decision is in point. In behalf of the United States, it is urged that it has the right to file interrogatories in the situation at bar, and it cites The Cleona,

D.C.S.D.N.Y.1930, 37 F.2d 599, 601. In that case Judge Woolsey was dealing with a situation in which the libelant claimed that two vessels had damaged its submarine cables. One of the vessels then propounded interrogatories to the other, although there was no pleading between them, which, it will be observed, is exactly what is proposed to be done in the case at bar. Judge Woolsey held that the practice in admiralty was sufficiently flexible to permit this, and said that even in the absence of a pleading between the vessels or parties jointly sued the interrogatories and the answers could be used to create issues and could be considered convenient substitutes for pleadings.

It is quite obvious to me that on the trial of this cause respondent United States will try, if it can, to put the blame for the accident on Pittston, and Pittston has clearly indicated in its answer that it takes the position that if there was any damage, then the tug belonging to respondent United States was responsible. It is, therefore, clearly desirable that the issues between these two respondents be defined as well as may be in advance of the trial, and that interrogatories and answers to them will, as Judge Woolsey points out, have the effect of doing this.

 Traditionally, interrogatories have been held to have two purposes: (1) To amplify the pleadings of the party interrogated, and (2) to procure evidence in support of the libel or defense of the party interrogating. Coronet Phosphate Co. v. United States Shipping Co., D.C. S.D.N.Y.1917, 260 F. 846, 849; Bock v. International Nav. Co., D.C.Mass.1903, 124 F. 711; The Baker Palmer, D.C.Mass. 1908, 172 F. 154. Writing as recently as 1940, Judge Leibell said (The Arthur Conners, D.C.S.D.N.Y., 35 F.Supp. 775, 777) that the adoption of the Civil Procedure Rules, 28 U.S.C.A. following section 723c, did not change the standards in admiralty governing the scope of interrogatories, and I think that he is clearly right. But even under the decisions which were rendered before the enactment of the Federal Rules Judge Woolsey (The Cleona, supra), for example, took the position that the mere absence of a formal pleading between respondents jointly sued did not prevent the use of interrogatories. He pointed out that if the libel had been brought in the first instance against only one respondent, and a petition to implead followed, then, clearly, interrogatories between the respondents would have been proper. It would be putting a premium on technicalities to bar the use of interrogatories, merely because the respondents were sued jointly in the first place, as a result of which there is no pleading between them.

My decision is very largely prompted by the practical certainty that the real litigation here will be between the respondents, and that technicalities should not be permitted to make surprise likely and an adequate and fair trial unlikely.

The exceptions are overruled.