Clarence PHILLIPS, Libelant,

v.

The UNITED STATES of America, Maritime Commission, Maritime Administration, First Doe, Donaldson Line, Ltd., a corporation, sued herein as Second Doe, and Third Doe, Respondents.

No. 26440.

United States District Court, N. D. California, S. D.

Jan. 14, 1955.

Melvin M. Belli, Ashe & Pinney, San Francisco, Cal., for libelant.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for respondent Donaldson Line, Ltd.

OLIVER J. CARTER, Judge.

Respondent's motion to dismiss the first amended libel turns upon whether the practice of suing parties by fictitious names is permissible in an admiralty suit.

One of libelant's proctors sets forth by affidavit that libelant came to his office about three days before the statute of limitations would have become a bar to libelant's suit, and informed him that libelant was injured while working as a stevedore aboard the S. S. Cape Clear; that the first information given to libel-

ant's proctor as to the ownership of that vessel was that the vessel was owned by the United States, but that there might be another vessel of a similar name owned by others; that to avoid further delay the libel was filed originally against the United States, its agencies and other respondents named only by fictitious names. Later it became known that there were in fact two vessels named S. S. Cape Clear, and that the vessel upon which libelant was injured was operated by respondent Donaldson Line, Ltd. A stipulation dismissing as to the United States and its agencies was then filed. Later an amended libel was filed which included the true name of respondent Donaldson Line, Ltd., and which indicated that said respondent had been sued as Second Doe.

■ Respondent moves to dismiss the first amended libel on the ground that the use of "Doe parties" in admiralty suits is improper and objectionable. The only American case cited by respondent is Town of Hancock v. First National Bank, 1883, 93 N.Y. 82; but that case merely held that a party could not be sued by a fictitious name if his true name was in fact known. A search of the authorities has not revealed any case dealing with the specific problem presented by the case at bar. But there is ample authority for the proposition that admiralty practice is particularly liberal, especially as to the allowance of amendments. In Deupree v. Levinson, 6 Cir., 186 F.2d 297, 303, affirmed 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319, the court emphasized that:

"Admiralty * * * practice or procedure is extremely liberal and the rules governing such practice are even less technical than those of equity."

The general rule is described in 2 Benedict on Admiralty 557, as follows:

"It has always been the practice in the American admiralty courts to allow every facility to the parties to place fully before the court their whole case and to enable the court to administer substantial justice between the parties * * *. Therefore, on proper cause shown, omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice, in matters of substance as well as of form, may be corrected at any stage of the proceedings, for the furtherance of justice."

■ Furthermore there is a large element of judicial discretion in the matter of allowing amendments, as shown by the following statement from the opinion in Jacobs v. Pennsylvania R. Co., D.C.Del., 31 F.Supp. 595, 596:

"Whether amendments are to be allowed or refused is almost wholly within the discretion of the court. Modern authorities favor allowing amendments to prevent failure of justice, especially where the statute of limitations has run."

And in 2 Benedict on Admiralty 559–560, with reference to the exercise of judicial discretion in the allowance of amendments:

"The whole subject rests entirely in the discretion of the court, as well in relation to the relief to be granted, as to the terms on which it shall be granted, but the court is inclined to invite amendments if at any time a proctor discovers that his pleadings are incorrectly drawn."

■ In view of the extreme liberality of procedure in admiralty, no objection is seen to the designation of unknown parties by fictitious names. The practice of pleading Doe parties is in common use in many states and has a beneficial use in cases involving a situation similar to the case at bar. If the practice of using Doe parties is not approved by this Court, libelant will be prevented from having his day in court.

It is immaterial that there is no precedent for the procedure followed herein: the power of the district courts to permit new practices in admiralty cases in order to deal adequately with new

situations stems from Supreme Court Admiralty Rule 44:

"Rule 44. Right of trial courts to make rules of practice

"In suits in admiralty in all cases not provided for by these rules or by statute, the District Courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules." 28 U.S.C.A. Admiralty Rules.

A leading case construing Rule 44 is The Cleona, D.C.S.D.N.Y., 37 F.2d 599, 600, in which District Judge Woolsey said:

"In the first place, it must be remembered that, fortunately, admiralty practice is plastic. It is largely judge-made, and consequently not technical—in fact, it is less technical than equity practice. Broadening from precedent to precedent, and based on a wisely administered convenience, admiralty practice has always been prepared to cope with new situations as they have arisen. (Citations omitted.)

" * * * there has never been any tendency in the rules which the Supreme Court has promulgated to limit the freedom of the District Courts in adopting new rules or principles of admiralty practice on appropriate occasion, provided the practice adopted does not conflict with the Supreme Court rules.

\* \* \* \* \* \*

"I feel, therefore, that I am quite free to use my discretion in dealing with this new point in admiralty practice, and that it is my duty to exercise the power which I hold in trust for the benefit of litigants and to adapt admiralty procedure in this case to the practical needs of justice."

Judge Woolsey's reasoning applies with equal force to the problem before this Court. Accordingly respondent's motion to dismiss the first amended libel is denied.

■ Respondent also excepts to the first amended libel on the ground that it does not state a cause of libel within the admiralty jurisdiction of this Court. This exception is based on the contention that respondent (sued originally as Second Doe) was sued as a general agent of the United States Government only, and that a general agent of a vessel owned and operated by the United States is not liable for its negligence in any situation coming within the purview of the Suits in Admiralty Act, citing Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. But this contention overlooks the fact that respondent was sued originally as the agent of the United States of America, the Maritime Commission, the Maritime Administration *and First Doe*. Respondent attaches no significance to this aspect of the original libel, saying at page three of respondent's memorandum in support of the exceptions:

"It is also quite clear from a simple reading of the libel that First Doe, Second Doe and Third Doe (although fictitious parties) were liable to libelant—if at all—because of their alleged relationship to the vessel in the capacity of agents of the Government as vessel owner."

On the contrary, the first paragraph of the original libel alleged:

"At all times herein mentioned, the United States of America, the Maritime Commission, the Maritime Administration *and First Doe were the owners* of that certain vessel known as the S. S. Cape Clear." (Emphasis supplied)

■ This was no empty formality; the purpose of alleging that First Doe was the owner of the vessel was to provide for the possibility that there were two vessels named S. S. Cape Clear, one of which was owned by someone other than the United States. Therefore it is

clear that respondent was not sued solely as an agent of the United States in the original libel. Of course respondent cannot complain of the dismissal of the United States and its agencies as parties respondent. The general rule is stated in 2 Benedict on Admiralty 95:

"It is always possible to move that a cause be severed and a libel dismissed as against a party against whom no fault or other cause of action is indicated by the state of the proofs, * * *."

Thus respondent's exceptions are without merit and are overruled.

It is ordered that the motion of respondent Donaldson Line, Ltd., to dismiss the first amended libel be, and the same is hereby denied; and that respondent's exceptions to the first amended libel be, and the same are hereby overruled.