**SKIBS A/S ABACO, ARUBA, ASTREA & NORUEGA, as owners of The HOEGH TRADER, Libelants,**

v.

**ARDESHIR B. CURSETJEE & SONS, Ltd., Respondent.**

United States District Court
S. D. New York.
June 17, 1955.

Kirlin, Campbell & Keating, New York City, for movant, Isthmian Steamship Co. Vernon S. Jones, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for libelants. James M. Estabrook, New York City, of counsel.

DAWSON, District Judge.

This is a motion by Isthmian Steamship Company to vacate, pursuant to Rule 21 of the Admiralty Rules of the United States District Court of New York, a warrant of foreign attachment upon the Isthmian Steamship Company, which warrant attached funds that, it is alleged, are owed by Isthmian Steamship Company to the respondent.

This action stems from an injury received by a longshoreman aboard the S. S. Hoegh Trader in the course of discharging the vessel at Brooklyn, New York, in or about April, 1954. Thereafter, on or about September 15, 1954, the longshoreman commenced an action in the Supreme Court of the State of New York, County of Kings, against the vessel S.S. Hoegh Trader and its agent, a New York corporation, which action is known as Spennato v. The S.S. Hoegh Trader and Kerr Steamship Co., Inc. In that action, process did not issue against the vessel, for it could not in a proceeding in the State Courts. Nor have the libelants here, the owners of the vessel, ever been made a party to that action.

The papers submitted on the motion show that on April 4, 1955, a libel and complaint was filed in this Court so as to commence this action; that the said libel was drawn in the form of a contingent suit seeking indemnity in the event that libelant is made a party to the aforementioned action in the State Court and a judgment is obtained against it. On April 5, an amended libel and complaint was filed seeking similar relief. The amended libel and complaint alleged that the respondent had assets in this jurisdiction, in the form of credits, in the hands of various steamship companies, one of whom is the movant here, and sought a writ of foreign attachment on the ground that the respondent was a foreign corporation which did not have an officer, office, or place of business within this jurisdiction.

The amended libel alleges that the plaintiff in the action in the State Court was engaged in discharging cargo which had been loaded by the respondent in Bombay, India, and that control of that area of the ship had been given to the respondent; that it was the duty of the respondent to act with reasonable care and prudence and properly to supervise the work so as to avoid the creation of dangerous conditions, and so as to eliminate such dangerous conditions that

might be discovered by the exercise of reasonable care and inspection; that the respondent failed to discharge the duties imposed upon it with reasonable care and diligence in that it failed properly to supervise and direct the performance of the work, failed properly to use the appliances and parts of the vessel, and failed to take adequate precautions for the safety of personnel who might subsequently be required to work on the vessel, and as a result therefrom, the plaintiff in the action in the State Court sustained the injuries and damages referred to.

The amended libel goes on to allege that if the plaintiff in the State Court action suffered any damages and is entitled to any recovery against the S.S. Hoegh Trader, that it is solely due to the fault and neglect of the respondent and that, therefore, the libelants are entitled to indemnity from the respondent.

The amended libel alleges additionally that the libelant is a Norwegian corporation, and respondent, an Indian entity.

It would thus appear from the papers that this is a controversy between a Norwegian corporation and an entity existing under the laws of India with respect to acts that occurred in India in which the respondent seeks to attach funds accrued or accruing to the Indian respondent for services rendered in India to Isthmian Steamship Company. Other than these facts, it would appear that the only other contact of libelant with this jurisdiction is the personal injury action that has been commenced in the Supreme Court of the State of New York, County of Kings, against libelant's ship, the S.S. Hoegh Trader, and its agent, and in which libelant contemplates it will eventually be made a party.

Movant seeks to vacate the order of attachment on two grounds:

(1) That a writ of foreign attachment should not issue as against a third party whose relationship to the controversy is merely peripheral where an action has not been commenced against a libelant, for the claim is speculative and conjectural, and the libel therefore premature.

(2) That the action is between foreign entities and relies for recovery on a contract made in India and upon acts of omission and commission which took place in India.

Additionally, it would appear that the movant is also asking this Court to dismiss the libel because of vagueness and indefiniteness and because the action is one in which the Court, in its discretion, need not take jurisdiction in that it is a controversy that arises between two foreign entities over acts and contractual relationships that occurred and developed in India.

The movant's first contention constitutes no more than a claim that the libelant, not presently having any relationship to an action that has been commenced in this jurisdiction or in the State of New York, is premature in bringing this suit seeking indemnity from the respondent out of which the writ of foreign attachment in question stems.

■ There is no doubt that in the proper situation, a libelant will be allowed to serve his claim by commencing his action by the filing of the libel before the right of action is perfected. Technical formalities notwithstanding, the liberality of admiralty jurisdiction has prevailed, and such libel has not been considered premature. See Munson Steamship Line v. Glasgow Nav. Co., Ltd., 2 Cir., 1916, 235 F. 64, certiorari denied 243 U.S. 643, 37 S.Ct. 405, 61 L. Ed. 944; The Horsa, D.C.E.D.S.C.1915, 232 F. 993; See Phillips v. United States of America, D.C.N.D.Cal.1955, 127 F. Supp. 912, 1955 A.M.C. 838. Cf. Moran Towing & Transportation Co., Inc., v. United States of America, D.C.S.D.N.Y. 1944, 56 F.Supp. 104, 1944 A.M.C. 784.

It would appear that the flexibility shown in these cases is intended to be liberally construed, for Rule 44 of the Supreme Court Admiralty Rules, 28 U.S.C. Admiralty Rules, states:

"In suits in admiralty in all cases not provided for by these rules or by statute, the District Courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

See The Cleona, D.C.S.D.N.Y.1930, 37 F. 2d 599, 600, 1930 A.M.C. 722, at pages 723, 724.

However, this very flexibility under Rule 44 leads to the conclusion that the instant case is a situation where the discretion of the Court should be exercised so as to dismiss the writ of foreign attachment. I have found no case, nor has one been cited to me, which covers the instant situation. However, an analogy may be drawn from that situation where a libel is sought to be dismissed in the discretion of the Court because the action is one between foreigners and embraces acts that occurred and rights that accrued in a foreign jurisdiction. See Charter Shipping Company, Ltd., v. Bowring, Jones & Tidy, Ltd., 1930, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; Cf. Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 1950, 339 U. S. 684, 70 S.Ct. 861, 94 L.Ed. 1206.

This motion is brought under Rule 21 of the Admiralty Rules of this Court which provides, in part, that

" * * * where property is attached, * * * any person having a right to intervene in respect of the thing attached, may, upon evidence showing any improper practice or a manifest want of equity on the part of the libellant be entitled to an order requiring the libellant to show cause instanter why the * * * attachment should not be vacated."

There is therefore presented the question as to whether there is a manifest want of equity on the part of libellant in this case. The facts shown in the motion papers disclose without contradiction that libellant has not even been served in the State Court action; that as a precautionary measure, in the event that it should be served, it brings this action; that it brings the action against an Indian business entity located in Bombay and not doing business in this Country; that it does not bring the suit in Bombay where it could get jurisdiction over respondent, but rather seeks to get jurisdiction by attaching funds in New York of the Isthmian Steamship Company, which that company owes to the Indian entity. Furthermore, it appears that Isthmian Steamship Company has been notified by the respondent (which it states is the only stevedoring company in India capable of expeditiously handling its vessels) that if this attachment is recognized as valid, the respondent will no longer handle any stevedoring work in India for Isthmian Steamship Company, since payment of any bills for such services would be held up indefinitely pending the determination of this suit. It is furthermore to be noted that the attachment is not merely one against funds in New York, but funds which Isthmian Steamship Company might owe to respondent in any place in the world.

We therefore have an innocent third party put in the position where its funds are attached, where it is deprived of adequate stevedoring service in India, and all because of the fact that the Norwegian libelant prefers to proceed in this way rather than proceeding directly in India against the Indian party with whom it may have the controversy. The proceeding displays what the Rule calls a "manifest want of equity on the part of the libelant". The libelant is not required to put up any security for the attachment and the garnishee might be without remedy if the suit was wrongfully brought and its shipping business in India substantially damaged. Under such circumstances, it would appear that the attachment is unwarranted and that it should be quashed. See Heinrich Arp, 1930 A.M.C. 1198 (D.C.Canal Zone, 1930).

Libelant argues that the Indian Statute of Limitations that covers this action is a one-year period of limitations and that such period has run out, and

that quashing the attachment would prevent it from getting jurisdiction over respondent. However, libelant had nine months from the time the action was commenced against its ship and its agent in the Supreme Court of the State of New York before the Indian Statute of Limitations ran out, in which to commence an action for indemnity in India. It cannot complain of this result when its own inaction caused this result.

Motion granted. Settle order.