**Elizabeth Elane CRAIG, Administratrix of the Estate of Robert J. Craig, Deceased, Libellant,**

v.

**The UNITED STATES of America, Timkin Rollerbearing Company, a corporation, Aluminum Company of America, a corporation, Bethlehem Steel Corporation, a corporation, McKiernan-Terry Corporation, a corporation, and Does I through X, Respondents.**

**No. 3371–SD–C.**

United States District Court
S. D. California.

June 2, 1967.

**698**

A. L. Wirin and Paul M. Posner, Los Angeles, Cal., for plaintiff.

O'Melveny & Myers, Los Angeles, Cal., for defendants.

MEMORANDUM OF DECISION DENYING LIBELLANT'S MOTION TO AMEND HER COMPLAINT BY ADDING LITTON SYSTEMS, INC. AS A PARTY RESPONDENT.

JAMES M. CARTER, Chief Judge.

On August 16, 1965 Libellant filed her libel based on the Death on the High Seas Act, 46 U.S.C.A. §§ 761–768. The caption named several respondents including Does I through X. The transaction giving rise to the libel occurred on August 19, 1963 on a certain aircraft carrier being operated on the high seas near the Island of Okinawa. Libellant's husband was killed when an airplane he was piloting crashed into the sea after an attempted landing on the aircraft carrier.

On November 16, 1966 Libellant filed a motion to add Litton Systems, Inc. as a respondent in the action as of February 28, 1966, the date Litton Systems, Inc. was served with a copy of the libel. The motion was made pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Rule 15 provides, in part, in subsection (c): "An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The statute of limitations for actions brought under the Death on the High Seas Act is two years. 46 U.S.C.A. 763. In this case, the statute began to run on August 19, 1963.

There are two questions presented on the motion:

(1) Whether the use of ficticious defendants is proper in admiralty.

(2) If the use of ficticious defendants is proper, may plaintiff amend her complaint to "add" Litton Systems, Inc. as a respondent in the action and have that amendment relate back to the date the complaint was filed under Rule 15(c) of the Federal Rules of Civil Procedure?

Although there is no federal statute authorizing the use of ficticious "Doe" defendants in the federal court, there is some scant case authority supporting the proposition that the use of "Doe" defendants is proper in admiralty. Phillips v. United States, 127 F.Supp. 912 (N.D.Cal.1955).

However, in order to amend the complaint and have the amendment relate back to the time the complaint was filed thereby defeating the statute of limitations in 46 U.S.C.A. 763, the Libellant must satisfy the requirements of Rule 15(c), F.R.Civ.P. Specifically, Libellant

must show that the party to be added in the action has "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, * * *" Furthermore, the notice of the action must have been received by the party sought to be added, within the period provided by law for commencing the action against him. It has not been contended by Libellant that Litton Systems did receive such notice of the institution of the action.

However, Libellant has argued that the party sought to be brought in need only know of the "occurrence" which gave rise to the cause of action in order for the amendment to the libel to relate back to the time of filing under Rule 15 (c), F.R.Civ.P. In support of that proposition, Libellant relies on four cases. Kelcey v. Tankers Company, 217 F.2d 541 (2d Cir. 1954); Overfield v. Pennroad Corp., 39 F.Supp. 482 (E.D. Pa.1941); Taormina Corporation v. Escobedo, 254 F.2d 171 (5th Cir. 1958); and Hartford Accident and Indemnity Co. v. Interstate Equipment Corp., 81 F.Supp. 357 (D.C.N.J.1948). None of these cases support Libellant's position. In *Kelcey* and *Overfield,* the amendments brought in no new defendants. In *Taormina* and *Hartford Accident,* all defendants brought in by amendment had notice of the institution of the action within the period provided by law for commencing the action against them.

Assuming Litton Systems Inc. did know of the occurrence, it still had a right to rely on the two year statute of limitations in 46 U.S.C.A. 763. It is one thing to know of an occurrence which may give rise to a lawsuit, another to know you are being sued. Libellant has failed to carry its burden of showing that Litton Systems, Inc. had notice of the institution of the action within the period provided by law for commencing the action against it. Consequently, the motion seeking to add Litton Systems, Inc. as a respondent by amending the complaint must be denied.

So ordered.