**CITY OF GRETNA v. DEFENSE PLANT CORPORATION.**

No. 11777.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1947.

Andrew H. Thalheim, of Gretna, La., for appellant, Jos. M. Rault, Walter Carroll, and Alfred M. Farrell, Jr., all of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The City of Gretna appeals from a summary judgment against it in its suit against the Defense Plant Corporation, wherein it sought recovery for the destruction of piling erected by it in the Mississippi River, alleged to have been destroyed by a tug of the defendant that collided with the piling.

■ On a motion for summary judgment, it appeared that the appellee owned twenty-one tugs at the time of the collision, one of which did the damage, but the appellant was unable to identify the particular tug. It further appeared by affidavit,

and was undisputed, that eighteen of the tugs owned by the appellee had been chartered to private operators, and that the appellee had no control over their management or navigation. The remaining three tugs were accounted for at the time in question, and each was shown to be not the vessel that did the damage.

It is contended that the defendant, under Admiralty Rule 56, 28 U.S.C.A. following section 723, should have impleaded the charterers of its vessels, which were operating on the river at the time, but this is a civil action and the Admiralty Rules have no application. Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, gave the defendant the right to implead its charterers, but did not require it to do so. The right to bring in third parties is permissive, not obligatory.

The judgment appealed from is affirmed.