**SKUPSKI v. WESTERN NAV. CORP. et al.**
**(United States, Third-Party Defendant).**

United States District Court
S. D. New York.
July 24, 1953.

Hanrahan & Brennan, New York City, for defendants and third-party plaintiffs

(William R. Brennan, Jr., New York City, of counsel).

J. Edward Lumbard, Jr., U. S. Atty., New York City, for third-party defendant United States. (Benjamin H. Berman, Atty., Department of Justice, New York City, of counsel).

MURPHY, District Judge.

This is a motion by the United States to dismiss a third-party complaint brought by defendants Western Navigation Corporation and Phs. Van Ommeren (New York) Inc. against the United States on the grounds that this court lacks jurisdiction of both the subject matter and the third-party defendant, and also that the third-party complaint fails to state a claim upon which relief can be granted.

The parent action was brought by the administratrix of the estate of a deceased longshoreman. He is alleged to have sustained the injuries resulting in his death when he was struck by a piece of machinery which came in contact with a block of lumber while performing his duties in a hatch aboard the S.S. Western Farmer. The complaint alleges a cause of action based—according to its allegations—on the negligence of defendants in failing to provide plaintiff's intestate with a safe place to work, in permitting a block of lumber to be secured to the deck on which machinery was being moved, in failing to warn plaintiff's intestate of dangers to be encountered and in failing to inspect. Both defendants are alleged to have owned, operated, managed, controlled, equipped and manned The Western Farmer. Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy.

The third-party complaint of defendants alleges liability of the United States based upon its negligence as well as upon a provision of the voyage charter party under which the United States allegedly agreed to indemnify defendants.

Whether such third-party complaint may be maintained against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), depends upon the availability of a remedy under the Suits in

Admiralty Act, 46 U.S.C.A. §§ 741–752, or under the Public Vessels Act, 46 U.S.C.A. §§ 781–790. In the language of the Federal Tort Claims Act, 28 U.S.C.A. § 2680(d):

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

" * * * (d) Any claim for which a *remedy* is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

Concededly there is no remedy under the Public Vessels Act, since the vessel involved was a "merchant" and not a "public" vessel. See Calmar S.S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733. Consequently the sole question is whether the defendant third-party plaintiffs have a remedy under the Suits in Admiralty Act against the United States.

It is not denied that defendant third-party plaintiffs might sue the United States under the Suits in Admiralty Act for indemnity after they have been held liable to the plaintiff. But it is insisted by them that this remedy is not available "at the present time", and urged with equal force by the United States that their right to sue *in futuro* upon contingency of their liability to plaintiff is still a "remedy."

Without indulging in jurisprudential semantics, it seems clear that the sovereign consent to be sued manifested in the Federal Tort Claims Act includes impleading the United States. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. If it had been possible and had plaintiff maintained the parent action under the Suits in Admiralty Act, consent to sue the United States would have included its impleader in admiralty. Hidalgo Steel Co. v. Moore & McCormack Co., Inc., D.C.S.D.N.Y., 298 F. 331; The Cotati, D.C.S.D.N.Y., 2 F.2d 394. The question presented—somewhat different in this case—is whether such impleader of the United States may take place when the parent action is one on the civil side and the right of such defendants against the sovereign is one of admiralty.

We think that such impleader lies. In the words of Judge Cardozo, "No sensible reason can be imagined why the state, having consented to be sued, should thus paralyze the remedy." Anderson v. John L. Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, quoted in United States v. Yellow Cab. Co., supra, 340 U.S. at page 554, 71 S.Ct. 399, 406. Third-party practice has been designed to assure disposition of disputes with common questions of law and fact in a single suit and not a multiplicity of them. That the remedy against the third-party defendant in the instant case may properly be sought in admiralty without jury, and—on the other hand—that against defendants is sought in a forum with jury, presents no insuperable barrier to pursuit of both in a single suit. After trial, the court might reserve to itself disposition of the controversy involved in the third-party complaint and leave to the jury issues of fact presented by the original complaint.

Motion by the United States to dismiss the third-party complaint denied.