**Louis CANALE, Plaintiff,**

v.

**AMERICAN EXPORT LINES, Inc., Defendant and Third-Party Plaintiff, UNITED STATES of America and Imparato Stevedoring Corp., Defendants.**

United States District Court,
S. D. New York.
March 25, 1955.

---

**270**

Salon, Romanelli & Goldberg, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant and third-party plaintiff, American Export Lines, Inc. J. Ward O'Neill, Richard S. Lombard, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for U. S. Benjamin H. Berman, Dept. of Justice, Washington, D. C., of counsel.

John P. Smith, New York City, for third-party defendant, Imparato Stevedoring Corp.

IRVING R. KAUFMAN, District Judge.

The plaintiff brought this action against American Export Lines, Inc. to recover damages for personal injuries under the Jones Act, 46 U.S.C.A. § 688. American Export obtained an order, based upon the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., and Fed. Rules Civ.Proc. rule 14(a), 28 U.S.C.A., impleading the United States of America as a third-party defendant, for indemnification on the theory that plaintiff's injuries were caused by the third-party defendant's "active" or "primary" negligence.

It is now conceded by the parties that, as a result of the recent and as yet not officially reported decision of the Court of Appeals in Prudential Steamship Corporation v. U. S. (States Marine Corp. of Delaware v. U. S.), 2 Cir., 220 F.2d 665, American Export's indemnification claim against the United States is exclusively cognizable in admiralty under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. On this basis, the United States now moves to dismiss the third-party complaint. In response to this, American Export now cross-moves to amend its third-party complaint to allege jurisdiction under the Suits in Admiralty Act and to comply in matters of form with the requirements of Admiralty Rule 56, 28 U.S.C.A.

The crucial issue posed is whether a third-party complaint may be brought in admiralty when plaintiff's action against the defendant is one at law. While the question is not free from difficulty, this Court holds in the affirmative.

No question of this Court's basic jurisdiction of the subject matter or of the third-party defendant is raised, it being conceded that a separate and original suit by American Export against the United States would be maintainable in admiralty in this court under the facts of the case.[1]

---

1. Therefore, the jurisdictional problems raised by cases such as Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662 and Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834 are not broached by this motion.

The problem is plainly one of practice and pleading. What is essentially at issue is the extent to which admiralty causes triable without a jury and civil actions at law with trial by jury may be joined for the purposes of a single suit. The clear trend of the decisions today, indeed the desirable one in order to minimize multiplicity of litigation, is to permit both jury and non-jury claims to be tried in the same action. The separation of the fact-finding functions of the jury and the trial judge in such a case does not lead to confusion and has consistently been effectuated in cases where issues of law are tried to a jury and issues of an equitable nature in the same case are tried by the Court alone. See United States v. Yellow Cab Co., 1951, 340 U.S. 543, 555, 71 S.Ct. 399, 95 L.Ed. 523. This tendency to permit joinder of such issues is manifest in suits involving the joinder of a claim at law with trial by jury, such as one under the Jones Act, with an admiralty claim for maintenance and cure. Although for the purposes of determining federal jurisdiction a sharp distinction between admiralty and civil causes is drawn by some of the cases, these very same cases expressly approve the elimination of technical distinctions in matters of practice and procedure between law and admiralty once federal jurisdiction for both types of claims is held to be present. In just such a case, Jordine v. Walling, supra, the Court expressly approved the prevalent practice in the lower courts of trying Jones Act and maintenance and cure claims in the same action. The court said, 185 F.2d at page 671:

> "We think it appropriate to take note of the fact that in this circuit in the past civil actions for damages under the Jones Act and admiralty suits for maintenance and cure growing out of the same accident have frequently been tried by the district courts at the same time and upon the same evidence, the action for damages being submitted to the jury and the suit for maintenance and cure being decided by the trial judge as in admiralty. Evidence relevant only to the claim for maintenance and cure is, of course, taken by the trial judge in the absence of the jury. We see no objection to this practice and much to commend it."

The same disregard of superficial non-jurisdictional practice distinctions in the interests of expeditious disposition jointly of admiralty and civil claims has been advocated by the Court of Appeals for the Seventh Circuit. In Mullen v. Fitz Simons & Connell Dredge & Dock Co., 191 F.2d 82, 85, the Court said:

> "Defendant urges that a practice has arisen among plaintiffs of joining maritime causes of action for cure and maintenance with causes of action under the Jones Act, brought on the law side of the federal courts, as was done in this case. We can see no objection to such practice if the evidence in the cure and maintenance action is tried by the court sitting in admiralty in the absence of the jury."

See also Bay State Dredging & Contracting Co. v. Porter, 1 Cir., 1946, 153 F.2d 827, 829.

The "free interchange between admiralty and law", Civil v. Waterman Steamship Corp., 2 Cir., 1954, 217 F.2d 94, 97, unfettered by technicalities is the modern solution analogous to the less recent obliteration of the archaic law-equity dichotomy. The "free interchange" principle is firmly embedded in our law. Rejecting a contention that the substantive law to be applied in the Federal Courts should vary according to the "side" on which the action is brought, the Supreme Court said:

> "Once again, the substantial rights of parties would depend on which courthouse, or even on which 'side' of the same courthouse, a lawyer might guess to be in the best interests of his client. We decline

to depart from the principle of equal justice embodied in the Erie-Tompkins doctrine. Of course the substantial rights of an injured person are not to be determined differently whether his case is labelled 'law side' or 'admiralty side' on a district court's docket." Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 411, 74 S.Ct. 202, 206, 98 L.Ed. 143. See also Jansson v. Sweedish American Line, 1 Cir., 1950, 185 F.2d 212, 216, 30 A.L.R.2d 1385. This non-reliance on the docket label on a case is further exemplified by the authorization of joinder at law of a personal injury claim based both on negligence and unseaworthiness. McCarthy v. American Eastern Corp., 3 Cir., 1949, 175 F.2d 724. The barrier between the admiralty and law sides of the Federal District Court was again penetrated by the sanctioning of an action on a maritime tort on the law side with the admiralty rules as to contributory negligence and burden of proof controlling the substantive aspects of the case and the Federal Rules of Civil Procedure controlling its procedural aspects. W. E. Hedger Transp. Corp. v. United Fruit Co., 2 Cir., 1952, 198 F.2d 376. See Garrett v. Moore-McCormack Co., 1942, 317 U.S. 239, 244, 63 S.Ct. 246, 87 L.Ed. 239; Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 88, 66 S.Ct. 872, 90 L.Ed. 1099.

This trend towards procedural liberality was logically culminated in the case of Skupski v. Western Navigation Corporation, D.C.S.D.N.Y.1953, 113 F.Supp. 726, where Judge Murphy held, on the precise issue here presented, that impleader was proper. Judge Murphy said, at page 727:

"The question presented * * is whether such impleader of the United States may take place when the parent action is one on the civil side and the right of such defendants against the sovereign is one of admiralty.

"We think that such impleader lies. In the words of Judge Cardozo, 'No sensible reason can be imagined why the state, having consented to be sued, should thus paralyze the remedy.' Anderson v. John L. Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, quoted in United States v. Yellow Cab Co., supra, 340 U.S. at page 554, 71 S. Ct. 399, 406. Third-party practice has been designed to assure disposition of disputes with common questions of law and fact in a single suit and not a multiplicity of them. That the remedy against the third-party defendant in the instant case may properly be sought in admiralty without jury, and—on the other hand—that against defendants is sought in a forum with jury, presents no insuperable barrier to pursuit of both in a single suit. After trial, the court might reserve to itself disposition of the controversy involved in the third-party complaint and leave to the jury issues of fact presented by the original complaint."

The United States urges that Admiralty Rule 56 prevents the impleader here sought.[2] The argument advanced is that the procedure provided for impleader under the fifty-sixth rule is inappropriate to resolution of the claim over in this case because this rule is materially different from F.R.C.P. 14(a) since the former rule provides that after impleader the "suit shall proceed as if such * * * person [the impleaded party] had been originally proceeded against." The United States states the rule, based upon the quoted language, that the party impleaded under the fifty-sixth rule "stands as though charged with fault

---

2. F.R.C.P. 14(a) is inapplicable here since the impleader is based exclusively upon an admiralty claim for indemnification.

Rule 81(a) of the Rules of Civil Procedure states: "These rules do not apply to proceedings in admiralty."

by the original libel, although the libel does not charge the impleaded party with fault *and is not amended.* The cause is treated as if the libel had been originally filed against both the original respondent and the impleaded respondent." 2 Benedict on Admiralty 538. It is claimed that this procedure conflicts with that provided by F.R.C.P. 14(a) for assertion by the plaintiff of a claim against the third-party defendant only through amendment of the complaint and not by operation of law without amendment. Therefore, the argument continues, confusion of rules of practice results from an admiralty impleader in a civil action at law. I believe this point is without merit. Admiralty Rule 56 and F.R.C.P. 14 seek the same general objectives. See Jones v. Waterman S. S. Corp., 3 Cir., 1946, 155 F.2d 992, 997; But see City of Gretna v. Defense Plant Corp., 5 Cir., 1947, 159 F.2d 412, 413. Moreover, under the fifty-sixth rule, indemnification may be sought by the party seeking impleader without any claim being injected by the libelant against the impleaded party. "The fifty-sixth rule * * * permits the impleading of a new party in two different situations: one, where the impleaded respondent is directly liable to the libelant, either jointly or alternately with the original respondent or claimant; and the other, where the impleaded respondent is liable only to the original respondent or claimant and is brought in because the latter° seeks a remedy over in case the libelant shall succeed against him." Cory Bros. & Co. v. United States, 2 Cir., 1931, 51 F.2d 1010, 1013. The latter situation is identical with that authorized by F.R.C.P. 14(a) and does not authorize contribution by one joint tortfeasor sought to be impleaded by the other which would not otherwise be allowable at law.

It is in the interest of expedition and consistent with the spirit of modern pleading that artificial practice barriers be pierced.

The motion to amend the third party complaint so that it may be considered a petition under Rule 56 is granted and the motion to dismiss said third party complaint as so amended is denied. So ordered.

