**Joseph A. DUPUIS, Plaintiff,**

v.

**DRYTRANS, Inc., Defendant and Third-Party Plaintiff,**

**United States of America, Third-Party Defendant.**

United States District Court
S. D. New York.
Feb. 13, 1957.

Benjamin B. Sterling, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff.

Paul W. Williams, U. S. Atty., New York City, for third-party defendant.

BICKS, District Judge.

Motion by the United States of America to dismiss the complaint of the third-party plaintiff on the ground that the Court lacks jurisdiction (i) over the subject matter alleged in the third-party

complaint and (ii) over the person of the United States, is denied.

As to the jurisdiction over the subject matter, it is clear that the claim is not for contribution from the United States as a joint tort-feasor but rather one for indemnity in full. Halcyon Lines v. Haenn S. C. & R. Corp., 342 U. S. 282, 72 S.Ct. 277, 96 L.Ed. 318, relied on by the government, therefore, is inapposite. See Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. As a claim for indemnity in full under the provisions of a time charter agreement between the third-party plaintiff and the United States of America it is cognizable in admiralty under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752.

That the Court would have jurisdiction over the United States in a separate suit in admiralty upon the claim asserted in the third-party complaint is not controverted. Lack of jurisdiction is asserted, however, because the original suit is pending on the law side of the Court and the claim against the third party is asserted in a pleading denominated "third party complaint". This contention was urged in Skupski v. Western Nav. Corp., D.C.S.D.N.Y.1953, 113 F.Supp. 726, and rejected. The Suits in Admiralty Act is not to be construed, we are reminded in Grillea v. United States, 2 Cir., 1956, 232 F.2d 919, 921 "with the same jealousy that ordinarily circumscribes the consent of the United States to be sued". The government relies upon Cornell Steamboat Co. v. United States, D.C.S.D.N.Y.1956, 138 F. Supp. 16. That case was decided before Grillea v. United States, supra, and with due deference, does not dissuade the Court from the view that the holding in Skupski is sound. That the claim against the third-party defendant is triable to a judge sitting in admiralty and the plaintiff's claim against the defendant is triable to a jury does not bear upon the jurisdiction of the Court over the third-party defendant. The simultaneous trial of the two claims is proper and convenient. See Weiss v. Central Railroad Co., 2 Cir., 1956, 235 F.2d 309.

The statement in the Government's brief that service of the third-party pleading was not made in the manner required by 46 U.S.C.A. § 742 is undoubtedly an inadvertent error.