**Raffaele MANGONE, Plaintiff,**

v.

**MOORE–McCORMACK LINES, Inc., Defendant and Third Party Plaintiff,**

**AMERICAN STEVEDORES CO., Inc., and United States of America, Third Party Defendants.**

Civ. No. 15951.

United States District Court
E. D. New York.

March 12, 1957.

On Reargument April 18, 1957.

850

Kirlin, Campbell & Keating, New York City, for defendant and third party plaintiff, Thomas F. Feeney, Joseph F. Hanley, Jr., New York City, of counsel.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for third-party defendant The United States, Walter L. Hopkins, Dept. of Justice, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant, United States of America, moves for an order dismissing the third party complaint as to said defendant, pursuant to Rule 12(b) (1) and (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The question involved is whether the said defendant is properly joined as a third party defendant in a cause of action in admiralty, alleged in the third party complaint where the original complaint pertains to a civil jury claim.

The plaintiff, a longshoreman, in his original complaint against the shipowner, Moore-McCormack Lines, Inc., alleged causes of action for negligence and unseaworthiness, basing jurisdiction of this court upon diversity of citizenship, 28 U.S.C.A. § 1332.

Subsequently, the shipowner obtained leave to serve a third party complaint against the third party defendants, The United States of America, as time charterer of the vessel, S. S. Mormacmoon, and American Stevedores Co., Inc., the plaintiff's employer.

It is alleged in the third party complaint that the shipowner and the Government entered into a contract of time charter party for the transportation of military and government cargoes and that pursuant thereto the Government's agents installed a certain padeye for loading this cargo; that the Government engaged the stevedores to load the cargo; that the wrongful installation of the padeye by the Government, and the negligent use thereof by the Government and/or the stevedores were the primary cause of the injuries alleged in the complaint in that the vessel was in a seaworthy condition when delivered to the Government or the stevedores pursuant to the time charter, and that the said equipment was so used without the knowledge or consent of the shipowner. It is further alleged that by the terms of the time charter the Government was obligated to the shipowner to perform its work in a proper manner; that under the contract between the Government and the stevedore, the latter was obliged to perform its work thereunder in a proper manner, which obligation inured to the benefit of the shipowner; that the stevedore also undertook with the shipowner itself, while performing its stevedoring work, to do so in a proper manner. Finally, it is alleged that jurisdiction herein is based on either the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., the Public Vessels Act, 46 U.S.C.A. § 781 et seq., or the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 (b), 2671 et seq.

■ It is not alleged that any of the aforesaid agreements or contracts contain any express provisions for indemnity. If that were so, the third party action could be purely a contract action. See Chicago, R. I. & Pac. R. Co. v. Dobry Flour Mills, 10 Cir., 211 F.2d 785; Compare Chicago, R. I. & Pac. R. Co. v. United States, 7 Cir., 220 F.2d 939.

■ The third party complaint, however, is based upon the aforesaid contracts, and thus the cause of action, in this respect, is for breach of contract,

although no specific provision of indemnification is included in the agreement. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, at pages 133, 134, 76 S.Ct. 232, at page 237, 100 L.Ed. 133.

Although in this latter respect the action is for tortious breach of contract, nevertheless the action is in contract. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; United States v. Huff, 5 Cir., 165 F.2d 720, 1 A.L.R.2d 854.

■ Thus, the District Court would have no jurisdiction under the Tucker Act for the said action, in contract, is in excess of $10,000. Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555.

The third party complaint also contains allegations upon which a claim for common law indemnity is based. It is often stated that such a claim is based upon implied contract or quasi-contract. However, it has been held that the "implied contract" referred to in the Tucker Act is a contract "implied in fact" and not a contract "implied in law", or quasi-contract. C. F. Harms Co. v. Erie R. Co., 2 Cir., 167 F.2d 562, 564, Cf. Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., supra. It is has been held that such actions for common law indemnity are tort claims under the Tucker Act. Chicago, Rock Island & Pac. R. Co. v. United States, supra, and cases cited.

■ On the other hand, whether in contract or tort, this third party action is maintainable in admiralty. A stevedoring contract is maritime, American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; a charter agreement is maritime, Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336; a common law claim for indemnity is likewise cognizable in admiralty. The No. 34, 2 Cir., 25 F.2d 602, reversing Petition of L. Boyer's Sons Co., D.C., 23 F.2d 201, certiorari denied T. Hogan & Sons, Inc.,

v. L. Boyers' Sons Co., 278 U.S. 606, 49 S.Ct. 11, 73 L.Ed. 533. Cf. Canale v. American Export Lines, D.C., 17 F.R.D. 269.

■ Both the Suits in Admiralty Act and the Public Vessels Act are to be construed together. United States v. Caffey, 2 Cir., 141 F.2d 69. They are complementary jurisdictional statutes providing for admiralty suits against the United States. Aliotti v. United States, 9 Cir., 221 F.2d 598; Phalen v. United States, 2 Cir., 32 F.2d 687; 46 U.S.C.A. § 782.

■ Since the remedy sought by the third party complaint is one that may be maintained under one of these acts, jurisdiction is given under them to the exclusion of the Federal Tort Claims Act. Prudential Steamship Corp. v. United States, 2 Cir., 220 F.2d 655; Isbrandtsen Company v. United States, 2 Cir., 233 F.2d 184; Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Simonowycz v. United States, D.C. Ohio, 125 F.Supp. 847.

Since the admiralty court would have jurisdiction, and since jurisdiction would be excluded on the civil side, the question remains whether the Federal Court can try the civil and admiralty actions together, or more particularly, whether the Court can at the same time sit as a court of law and a court of admiralty.

The decisions of Judge Dimock in Cornell Steamboat Company v. United States, D.C.S.D.N.Y., 138 F.Supp. 16, and Dell v. American Export Lines, D.C.S.D. N.Y., 142 F.Supp. 511, are followed rather than those of Judge Murphy in Skupski v. Western Navigation Corp., D.C. S.D.N.Y., 113 F.Supp. 726, and Judge Kaufman in Canale v. American Export Lines, supra. See also McKenna v. United States, D.C.S.D.N.Y., 91 F.Supp. 556.

It has been held that a third party libel under the 56th rule must be maritime in nature. Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d 286, certiorari denied 275 U.S. 542, 48 S.Ct. 37, 72 L.Ed. 416; Benedict on Admiralty,

Vol. 2, 6th Ed., Sec. 350. It seems conversely that a third party complaint, under Rule 14 of the Federal Rules of Civil Procedure, should be civil in nature. In fact, Rule 81(a) (1) of the Federal Rules expressly provides that said rules do not apply in admiralty.

While there are some decisions permitting a joinder of jury and non-jury causes, the difficulties encountered therein are minimal by comparison to those in the case at bar. To combine these two jurisdictions together in one litigation seems improper and not feasible.

Under Civil Rule 14 a party may not be impleaded simply because it is or may be liable to the plaintiff, but only, since the 1946 amendment, upon the ground that it is liable to the impleading defendant; under Admiralty Rule 56, 28 U.S.C.A. a party may be impleaded upon either ground. Cf. Moore's Federal Practice, 2nd Ed., Vol. 3, Secs. 14.20, 14.15, 14.16.

■ Under Civil Rule 14, the Government would not be liable unless the third party defendant satisfied the original judgment. Canale v. American Export Lines, S.D.N.Y., 1956 A.M.C. 1350 (not otherwise reported); Thomas v. Malco Refineries, 10 Cir., 214 F.2d 884; Clinton v. Boehm, 139 App.Div. 73, 124 N.Y. S. 789. Under Admiralty Rule 56 libelant is entitled to recover directly against an impleaded respondent for damages caused by the latter's negligence. When a person or vessel is impleaded under this rule, the case is treated as if the libel had originally been filed against it, and the decree may so provide. The G.L. 40, 2 Cir., 66 F.2d 764; Staples v. Manhattan Lighterage Corp., D.C.E.D.N.Y., 68 F.Supp. 754, affirmed 2 Cir., 158 F.2d 284.

■ The District Court must also consider whether the claim against the Government is maintained in rem or in personam, both of which are permitted by the Suits in Admiralty Act. Grillea v. United States, 2 Cir., 229 F.2d 687 and 232 F.2d 919.

■ Variations in pre-trial procedure and evidence greatly augment the difficulties. A recent decision of the Court of Appeals of this Circuit in Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 221 F.2d 615, demonstrates, quite clearly, the basic and historical differences between the civil and admiralty jurisdictions. To allow the admiralty jurisdiction, which is constitutional, to be so adulterated by civil diversity jurisdiction, which has come under severe criticism, would impair the usefulness of that ancient and historic tribunal. Cf. Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

Finally, the Federal Tort Claims Act expressly provides that remedies provided for by the Suits in Admiralty Act and the Public Vessels Act shall be excluded thereunder. 28 U.S.C.A. § 2680 (d).

Waiver of sovereign immunity should be strictly construed. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

The motion is granted.

## On Reargument

The defendant and third-party plaintiff herein, Moore-McCormack Lines, Inc., moves for an order granting reargument of the motion of the United States of America for dismissal of the third-party complaint.

In its prior decision, dated March 12, 1957 this Court held that a suit commenced on the law side of the Federal Court could not find its way into the admiralty by way of an impleading petition in the same proceeding.

The movant regards this as a hypertechnicality, maintaining that the decisions in the cases of Skupski v. Western Navigation Corp., D.C., 113 F.Supp. 726 and Canale v. American Export Lines, D.C., 17 F.R.D. 269 should be followed. The movant claims that the decisions of Judge Dimock in the cases of Cornell Steamboat Company v. United States, D.C., 138 F.Supp. 16 and Dell v.

American Export Lines, D.C., 142 F. Supp. 511 are not in conflict with its position. The movant contends that in the Cornell case, the judge presided in a court of law and a court of admiralty at the same time, but only withheld the results of his decision, and, that in the Dell case the determination was de minimis in that the original suit was transferred to the admiralty and the impleader was enabled to again commence the proceeding.

The three learned jurists, who presided in all of the aforesaid cases have heretofore demonstrated their disapproval of technicalities with regard to admiralty litigation. Cf. Rinaldi v. The Elizabeth Bakke, D.C.Cal., 107 F.Supp. 975; Cf. also, Internatio-Rotterdam, Inc., v. Thomsen, 4 Cir., 218 F.2d 514.

Those cases dealt with the change of venue of a libel in rem in accordance with the Judicial Code, 28 U.S.C.A. § 1404(a), referring to a "civil action." Libels had been filed upon allegations that the res was expected to be within the district shortly. When the res unexpectedly arrived in another district, an effort was made to transfer the proceeding thereto.

Technicalities were ignored in those cases. The libels in rem were treated as civil actions for change of venue purposes. In the latter action the court differentiated between acquisition of jurisdiction over proceedings before the court, permitting a change of venue, and acquisition over the person or property, which was not required for such purpose.

The cases cited by movant herein, such as The Everett Fowler (Conners Marine Company v. Petterson Lighterage & Towing Corp.), 2 Cir., 151 F.2d 662, certiorari denied 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029; Admiral Oriental Line v. United States, 2 Cir., 86 F.2d 201, evidence the avoidance of technicalities, for in each of them, the jurisdictional requirements were already satisfied. In The Everett Fowler, supra, all of the testimony had already been taken, and the Appellate Court reversed on the law.

It is significant that in United States v. The John R. Williams, 2 Cir., 144 F.2d 451, a case wherein the complete trial had likewise been had, the Appellate Court transferred the in personam phase of the pending litigation and rendered judgment accordingly on the grounds that no right had been lost by respondent, but the said court was careful not to so transfer the in rem phase of the case, peculiar to admiralty.

The language concerning transferral in Cory Bros. & Co. v. United States, 2 Cir., 51 F.2d 1010 was dicta, but even there the court used the expression "formal differences." At that, it is not suggested that the said libel, considered as a complaint under the Tucker Act could have been simultaneously maintained in the original admiralty proceeding.

In Cornell Steamboat Company v. United States, supra, a decision followed in the opinion heretofore filed, Judge Dimock considered the evidence from an admiralty and a civil viewpoint simultaneously and granted judgment upon either theory, but made the judgment in admiralty conditional upon the failure of the civil judgment by vacatur or otherwise.

Technicalities have been brushed aside in this Circuit and others in cases wherein a jury was permitted to consider a negligence issue under the Jones Act, 46 U.S.C.A. § 688 simultaneously with an unseaworthiness issue under the general maritime law. Balado v. Lykes Bros. S. S. Co., 2 Cir., 179 F.2d 943; McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 724, certiorari denied 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532; Doucette v. Vincent, 1 Cir., 194 F.2d 834. The theory is one of pendent jurisdiction wherein recovery on one theory bars recovery on the other; Cf. McCarthy v. American Eastern Corp., supra, or perhaps it may be stated that recovery is concurrent and not cumulative, for judgment on one bars recovery on the other. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

The simultaneous jurisdiction held by the court in Cornell Steamboat Company v. United States, supra, is in this category, and the withholding of the operation of the admiralty judgment therein so demonstrates.

The courts were more reluctant with regard to submitting to the jury the civil issue of negligence under the Jones Act with the maritime issue of maintenance and cure, for the theory was that one cause of action was in tort while the other was in quasi contract, and that damages for the latter were independent of and in addition to damages for the former. Jordine v. Walling, 3 Cir., 185 F.2d 662.

The Jordine v. Walling case, supra, approved of the practice of the trial judge's rendering decision on the maintenance and cure claim, at the same time and upon the same evidence as the negligence claim, to avoid multiplicity of actions, but restricted submission of evidence pertaining to maintenance and cure to the judge, in the absence of the jury.

More recent decisions in this Circuit have indicated encouragement of practice of separate submission to the judge and jury, Weiss v. Central Railroad Company of New Jersey, 2 Cir., 235 F.2d 309, and even approval of submission of the entire controversy to the jury. Gonzales v. United Fruit Company, 2 Cir., 193 F.2d 479.

But this Circuit does not seem to have conclusively decided as yet that either unseaworthiness claims, or maintenance and cure claims, can be tried with negligence claims at law under the Jones Act at the same time to a jury. Mc-Afoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 243 F.2d 270; Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 2 Cir., 234 F.2d 253.

The two separate actions herein could not be placed in a similar category, and refusing to so place them is not a mere technicality.

The stevedore's action is positive, the impleading action is conditional. The first action is original, the second derivative and bound only by what the first action discloses.

Maritime jurisprudence is part of the law of nations. The China, 7 Wall. 53, 74 U.S. 53, 19 L.Ed. 67. The peculiar feature of Federal Admiralty jurisdiction which Congress, no doubt on this basis, has given to the Federal Courts, from which the State Courts are excluded, is in rem process. The Glide, 167 U.S. 606, 17 S.Ct. 930, 42 L.Ed. 296; McAfoos v. Canadian Pacific Steamships, Ltd., supra. Such process was intended to follow the vessel, and a libelled vessel could be forced to cease operations, at least until a bond was posted.

As formerly promulgated the 56th Rule in Admiralty only applied to contribution in collision cases, more than likely because of the traditional maritime rule that "where two vessels collide due to the fault of both * * * the mutual wrongdoers shall share equally the damages sustained by each, as well as personal injury and property damage inflicted on innocent third parties." Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 284, 72 S.Ct. 277, 279, 96 L.Ed. 318 and cases cited in footnote 4.

The rule has been broadened to include "any suit", also indemnity and direct liability to the plaintiff as well as contribution. Movant herein would now broaden it to include claims that were never contemplated to be within admiralty jurisprudence. Thus foreign, as well as domestic vessels, plying our waters could find themselves removed from the world of commerce because of a civil claim that was unknown in admiralty. Under existing diversity jurisdiction, a vessel would be subject to seizure for almost every type of civil claim imaginable.

There are many factors about jurisdiction that are inconvenient; there are also many factors about it that make for more comprehensive justice. Certain courts exercise special functions such as probate courts, and customs courts. Very often general matters come before

these courts, or even matters treated by these courts come before other courts, which could readily be adjudicated by the instant court because of familiarity with the subject matter. But duplication of litigation must yield to jurisdiction.

No trial judge should be placed in the position of presiding in a combined civil and criminal income tax case, including waiver of jury trial, obliging him to differentiate between the varying rules applicable to those two matters.

 Then, too, if plaintiff had commenced this action in the State Court, and there were no grounds for removal, the moving party herein would have had to wait until an adjudication therein before commencing this proceeding against the United States, since the Federal forum is the only proper one, Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336, or an in rem proceeding against anyone. The Glide, supra.

The trial of the issues herein in the original action, though similar, will be separate and distinct from the trial of the third-party action. This is not a consolidation wherein common questions of law and fact are involved. The original action is for a breach of duty, whether by negligence or unseaworthiness; the indemnity action is for breach of contract or an implied breach of duty.

There is no common plaintiff or common defendant. Defendant in one action is a plaintiff in the other against a third litigant. To render the issue even more confusing there is a fourth party who is apparently not being sued in admiralty.

Where a court of law also sits as a court of admiralty with different litigants and different causes of action and different prayers for relief, someone is bound to sustain prejudice by the mixture.

 If the impleader were in rem, the liability of the vessel would differ from that of an owner impleaded in personam. The China, supra. If the orig-

inal action were before a jury, the breach would become wider.

 Movant herein is not completely without recourse. It can apprise the party it seeks to implead of the pending litigation and afford it a reasonable opportunity to defend. This would bind the party served with such "vouching in notice" as to movant's liability in the original action, if such were found, and the conclusiveness of the facts determined therein which are material for recovery in the indemnity action, provided there be no fraud or collusion. Standard Oil Co. of New Jersey v. Robbins Dry Dock & Repair Co., D.C., 25 F.2d 339, affirmed 2 Cir., 32 F.2d 182; New York & Porto Rico S. S. Co. of New York v. Lee's Lighters, Inc., D.C.E.D.N.Y., 48 F.2d 372.

 The statute of limitations would not commence to run against the defendant on any indemnity claim until liability accrued against it by judgment or settlement agreement. Chicago, Rock Island & Pacific Railway Co. v. United States, 7 Cir., 220 F.2d 939; James McWilliams Blue Line v. Esso Standard Oil Co., D.C.S.D.N.Y., 123 F. Supp. 824, citing New York law; Hidalgo Steel Co. v. Moore & McCormack Co., Inc., D.C.S.D.N.Y., 298 F. 331.

It should also be borne in mind that under the surrender of sovereign immunity doctrine, the last party upon whom this apparent innovation of impleader in admiralty (when the original action is at law) should be tried is the United States Government.

While calendar congestion will unfortunately delay commencement of the indemnity action if one must ever be commenced, nevertheless this should be regarded as a temporary condition that the court is endeavoring to remedy.

The roots of the admiralty law and those of the civil common law are different. The Constitution so regarded them. Congress has preserved this difference, except for the "saving to suitors" clause of the Judiciary Code, 28 U.S.C.A. § 1333. If any change should be made, or

any departure from the traditional concept of the admiralty jurisdiction, it would seem to be the function of the legislature and not of the courts.

There are other differences between admiralty and civil jurisdiction, such as the nature of an appeal being a trial de novo, and the admissibility of further proof on appeal. These concepts may have lost some of their distinctiveness, Petterson Lighterage & Towing Corp. v. New York Central R. Co., 2 Cir., 126 F. 2d 992; Cf. Admiralty Rule 45; Brooklyn Eastern District Terminal v. United States, 287 U.S. 170, 53 S.Ct. 103, 77 L. Ed. 240, but they serve to point up an essential difference between the two jurisdictions.

The motion for reargument is granted and upon reargument, the motion of the defendant, United States, for dismissal of the complaint as to said defendant is granted, and the original decision on the motion is adhered to.