**Massoad Abdallah HIDICK, Plaintiff,**

v.

**ORION SHIPPING AND TRADING CO., Inc., and Pacific Cargo Carriers Corporation, Defendants.**

**PACIFIC CARGO CARRIERS CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**UNITED STATES of America, Third-Party Defendant.**

United States District Court
S. D. New York.

May 23, 1957.

Harry Ruderman, New York City, for plaintiff.

Nelson, Healy, Baillie & Burke, New York City, for defendants and third-party plaintiff. Allan A. Baillie and Thomas L. Rohrer, New York City, of counsel.

Paul W. Williams, U. S. Atty., New York City, for the United States. Walter L. Hopkins and Ruth K. Bailey, Trial Attys., Dept. of Justice, New York City, of counsel.

PALMIERI, District Judge.

This is a motion by the United States to dismiss the third party complaint of defendant Pacific Cargo Carriers Corporation against it pursuant to Rules 12 (b) (1) and (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the grounds that this court lacks jurisdiction over both the subject matter and the person of the third party defendant. The motion is denied.

Plaintiff has brought his action on the civil side of the court for personal injuries allegedly sustained aboard the S.S. Seacoronet, which was owned by defendant Pacific Cargo Carriers Corporation and operated by defendant Orion Shipping and Trading Company, Inc. Plaintiff alleges that his injuries resulted from the negligence of the defendants and the unseaworthiness of the ship. The third party complaint constitutes a claim for indemnity from the United States under the provisions of a certain

time charter party between the United States and the third party plaintiff. It alleges that plaintiff's injuries were caused by the direct and primary negligence of the third party defendant, its agents, servants and/or employees and the failure of the third party defendant to perform the operation of loading the vessel in a reasonably safe manner which it was obligated to the third party plaintiff to do by the terms and conditions of the aforesaid time charter party.

The thrust of the Government's argument in support of its motion is that the third party complaint states a claim against the United States which is cognizable exclusively in admiralty under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, and that such a claim may not be maintained in a suit which appears on the Civil, rather than the Admiralty, docket. Third party plaintiff contends that since the United States has consented to be sued with respect to claims for indemnity under the Suits in Admiralty Act, and since the United States District Courts have jurisdiction over such suits, technical obstacles should be overcome to allow the bringing of such indemnity claims against the United States notwithstanding the fact that the original action is on the civil side of the court. Essentially the problem is one of pleading and practice.

I recognize that there are valid arguments to be made on both sides of this issue. Indeed, the Judges confronted by it have not been in complete agreement. The opinions of Judge Dimock in Dell v. American Export Lines, Inc., D.C.S.D. N.Y.1956, 142 F.Supp. 511, and Cornell Steamboat Co. v. United States, D.C.S.D. N.Y.1956, 138 F.Supp. 16, 20, and of Judge Bruchhausen in Mangone v. Moore-McCormack Lines, Inc., D.C.E.D. N.Y., 152 F.Supp. 848, express support for the proposition urged by the government.

However, I choose to adhere to the position of Judge Kaufman in Canale v. American Export Lines, Inc., D.C.S.D. N.Y.1955, 17 F.R.D. 269, 271–273, which follows Judge Murphy's holding in Skup-

ski v. Western Nav. Corp., D.C.S.D.N.Y. 1953, 113 F.Supp. 726 as did Judge Bicks in Dupuis v. Drytrans, Inc., D.C.S.D. N.Y., 150 F.Supp. 436. The rationale of these decisions is that where the court would have jurisdiction over the United States in a separate suit in admiralty upon the claim asserted in the third party complaint, the fact that the parent action happens to be on the civil docket should not impede the functioning of our system of third party practice. Technical distinctions should not be permitted to prevent the disposition of controversies involving common questions of law and fact in a single suit. I believe that this position is consonant with the view expressed by the Court of Appeals for this circuit in Moore-McCormack Lines, Inc. v. McMahon, 2 Cir., 1956, 235 F.2d 142, at page 143 where the Court said: " * * * approach to modern admiralty as to modern civil procedure should be to permit convenient practice where we know of no authority that forbids."

Motion denied. Settle order on notice.