**ORION SHIPPING and TRADING COMPANY, a corporation, and Pacific Cargo Carriers Corporation, Appellants,**

v.

**UNITED STATES of America,**
**Appellees.**

**No. 15264.**

United States Court of Appeals
Ninth Circuit.

July 25, 1957.

Bogle, Bogle & Gates, Robert V. Holland, Seattle, Wash., for appellant.

George Cochran Doub, Asst. Atty. Gen., Leavenworth Colby, Sp. Asst. to Atty. Gen., Keith Ferguson, Sp. Asst. to Atty. Gen., Graydon S. Staring, Attorney, Department of Justice, San Francisco, Cal., Charles P. Moriarty, U. S. Atty., Seattle, Wash., for .appellee.

Before DENMAN, POPE and CHAMBERS, Circuit Judges.

DENMAN, Circuit Judge.

■ The two corporate appellants, hereafter Orion, appeal from the dismissal of a third party complaint filed in a suit at common law. The complaint was filed by one Basnight, a seaman on Orion's Steamship Seacoronet while in dock at Pier 2, in Pusan, Korea, where he was injured by the unseaworthiness of the vessel, exposing him to the fumes of chlorine gas which were negligently allowed to escape from the containers during their loading. Basnight could have sued in admiralty but he chose to sue at common law, as private persons and corporations are permitted. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 88, 66 S.Ct. 872, 90 L.Ed. 1099. His case was tried by a jury, a verdict rendered for him which Orion accepted and paid.

Orion's third party complaint states a claim on which Orion asserts that it is entitled to sue the United States under both "Federal Tort Claims Act, Title IV, Chapter 753—Public Law 601—Legislative Reorganization Act of 1946, the Suits in Admiralty Act, 46 U.S.C.-A. P. 741–752, and other applicable Federal Statutes."

■ It is obvious that Orion cannot recover under the Tort Claims Act since 28 U.S.C. § 2680(k) excepts from the act "any claim arising in a foreign country" as here at Pier 2 in Pusan, Korea, and 28 U.S.C. § 2680(d) excepts "Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

Title 46 U.S.C.A. § 742 provides that:

"In cases where if such vessel were privately owned or operated, or if such [United States] cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * *."

The question then arises whether the authority so given to sue the United States in admiralty for torts in handling its cargo should be so liberally construed as to permit its assertion in a third party pleading in a common law suit in which the complaint alleges a liability both at law and in admiralty. We think we are required to give this liberal construction of a power so granted to suitors against the United States, by the Supreme Court decision in United States v. Yellow Cab Co., 1951, 340 U.S. 543,

71 S.Ct. 399, 95 L.Ed. 523. The court there holds that where the Government has given its consent to be sued at common law, it may be so sued for contribution for its torts by a joint tort-feasor or by a separate common law complaint, stating 340 U.S. at page 555, 71 S.Ct. at page 407, that " 'when [such] authority is given, it is liberally construed.' "

■ The Government relies upon Johnson v. United States Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, decided in 1930, in which a strict rule of construction is given to the legislation for suits against the United States. We prefer to follow the more liberal 1951 rule of the Yellow Cab case since this liberal construction of a federal common law liability applies a fortiori to proceedings in admiralty, in which the Supreme Court so early held that liberality of construction exists, that it is now an elemental common place. Dupont De Nemours & Co. v. Vance, 1856, 19 How. 162, 171, 172, 15 L.Ed. 584. We therefore conclude that the district court has *jurisdiction* to consider Orion's third party pleading against the United States as provided for in the Suits in Admiralty Act.

This is in accord with the holding in the second circuit in Moore-McCormack Lines v. McMahon, 235 F.2d 142, 143, that "approach to modern admiralty as to modern civil procedure should be to permit convenient practice where we know of no authority that forbids." There cross libels against third parties were permitted in a proceeding in admiralty to limit liability. Similarly that circuit states, in Grillea v. United States, 232 F.2d 919, 921, that the Suits in Admiralty Act is not to be construed "with the same jealousy that ordinarily circumscribes the consent of the United States to be sued." Following this reasoning of its court of appeals the district court of the Southern District of New York has held in cases similar to the instant case that in a common law suit for damages the defendant may main-

tain a libel in admiralty against the United States as a third party. Dupuis v. Drytrans, Inc., D.C., 150 F.Supp. 436, 437; Hidick v. Orion Shipping & Trading Co., D.C., 152 F.Supp. 630; Canale v. American Export Lines, D.C., 17 F.R.D. 269, 271, 273; Skupski v. Western Navy Corp., D.C., 113 F.Supp. 726.

The United States contends that, assuming jurisdiction, the third party libel was improperly laid in the Western District of Washington and that since Orion does not reside or have its principal place of business in that district, that court did not have venue. Section 742 of the Suits in Admiralty Act provides in pertinent part:

"Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found."

■ There is no showing that the cargo ever came into the Western District of Washington. The fact that the ship did come there after the suit was commenced was immaterial, since the vessel is not owned by the United States and is not "charged with liability." Hence it is clear that the proper venue of the third party libel is in the Southern District of New York where, the parties agree, appellants have their principal places of business.

■ Accordingly, the district court's dismissal of the third party libel against the United States is reversed and the cause is remanded to the district court with instructions to transfer the third party libel to the district court for the Southern District of New York. 28 U.S.C. § 1406(a).

POPE, Circuit Judge.

I concur in all that is said in the foregoing opinion. I am of the opinion that the district court had jurisdiction for a further reason. Even if it were assumed

that it was improper to file a third party complaint in the original plaintiff's law action, yet plainly enough the pleading filed stated a cause of action under the Suits in Admiralty Act. Assuming the lack of authority to treat this as a third-party complaint in the law action, yet its defects were merely defects in form. Conceding that it was filed under the wrong number, and called by the wrong name, it was nevertheless filed in a court which had jurisdiction to entertain a suit in admiralty under the Act. The United States appeared and answered. The mere fact that it was called a "complaint" instead of a "libel" should make no difference in substance to a court having admiralty jurisdiction. "For the ancient admiralty teaching is that, 'The rules of pleading in the admiralty are exceedingly simple and free from technical requirements.' " Archawski v. Hanioti, 350 U.S. 532, 534, 76 S.Ct. 617, 620, 100 L.Ed. 676. And see Admiralty Rule 44, construed in The Cleona, D.C., 37 F.2d 599, 600, as a means "to adopt admiralty procedure * * * to the practical needs of justice."

When the trial court announced its intention to dismiss this complaint appellants moved that their action be transferred to the proper district under the provisions of § 1406(a) of Title 28. Thus they recognized, as the court's order recited, that "jurisdiction of the third party action herein is exclusively under the Suits in Admiralty Act." In substance this was an application to treat the complaint as a libel in admiralty. "When a cause of action is within the substantive jurisdiction of the District Court for any reason, it does not mar that jurisdiction that the suitor proceeds as libellant in admiralty rather than as plaintiff at law." Prince Line v. American Paper Exports, 2 Cir., 55 F.2d 1053, 1056. In like manner a pleading wrongly called a complaint may be transferred from the law side to the admiralty side. Cannella v. Lykes Bros. S.S. Co., 2 Cir., 174 F.2d 794, 797.

I agree that the court should have exercised its plain jurisdiction to grant this motion to transfer, particularly since the denial of that relief would mean that appellant would lose its admittedly well stated cause of action, since a new action elsewhere would be barred by limitations under the rule of Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490.