Anthony PILATO, Plaintiff,

v.

STATES MARINE CORPORATION OF DELAWARE, Defendant and Third Party Plaintiff,

UNITED STATES of America, Third Party Defendant.

Civ. No. 14846.

United States District Court E. D. New York.

June 26, 1957.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for United States of America, third-party defendant, by Walter L. Hopkins, Trial Atty., Dept. of Justice, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for States Marine Corp. of Delaware, defendant and third-party plaintiff, by James L. Hurley, New York City, of counsel.

INCH, Chief Judge.

Motion by the United States to dismiss the third party complaint of States Marine Corporation of Delaware, defendant, against it on the grounds that this court lacks jurisdiction over the subject matter and the person of the United States.

Plaintiff, a longshoreman, brought this action on the civil side of the court for personal injuries sustained by him while employed by the United States, aboard the S.S. Volunteer State, owned by said defendant and being loaded and unloaded by the United States, pursuant to a stevedoring agreement between said defendant and the United States, as a result of the negligence of said defendant and the unseaworthiness of the ship. The third party complaint alleges that the plaintiff's injuries were caused by the failure of the United States to perform the stevedore work under said agreement in a reasonably safe manner, by the acts of the United States in making the ship unseaworthy and by the affirmative and active negligence of the United States and demands that, if said defendant be held liable to the plaintiff, the United States be required to indemnify said defendant.

222

The contention in support of this motion is that the third party complaint states a claim against the United States which is maritime in nature and can be made only in admiralty and not on the civil side of the court. The same contention was urged and rejected in Skupski v. Western Nav. Corp., D.C.S.D.N.Y., 113 F. Supp. 726, Murphy, J., Canale v. American Export Lines, Inc., D.C.S.D. N.Y., 17 F.R.D. 269, Kaufman, J., Dupuis v. Drytrans, Inc., D.C.S.D.N.Y., 150 F.Supp. 436, Bicks, J., and Hidick v. Orion Shipping & Trading Co., Inc., D.C.S.D.N.Y., 152 F.Supp. 630, Palmieri, J. The holdings in the cited cases are sound and in accordance with the policies of the Court of Appeals for the Second Circuit (Moore-McCormack Lines, Inc. v. McMahon, 235 F.2d, 142) and the United States Supreme Court (British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234. I choose to follow those holdings.

Motion denied. Settle order.