**CORNELL STEAMBOAT COMPANY,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

**CORNELL STEAMBOAT COMPANY, as Owner of THE CORNELL NO. 20,**
Libellant-Appellee,

v.

**UNITED STATES of America,**
Respondent-Appellant.

Nos. 230, 231, Dockets 24227, 24228.

United States Court of Appeals
Second Circuit.

Argued March 8, 1957.

Decided Aug. 5, 1957.

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City (George Cochran Doub, Asst. Atty. Gen., Leavenworth Colby, Chief Admiralty & Shipping Section Department of Justice, Washington, D. C.; Louis E. Greco, Attorney, Department of Justice, New York City, of counsel), for appellant.

Kirlin, Campbell & Keating, New York City (Edwin S. Murphy and Paul F. McGuire, New York City, of counsel), for appellee.

Before MEDINA and WATERMAN, Circuit Judges, and GALSTON, District Judge.

GALSTON, District Judge.

The Cornell Steamboat Company sued in two actions to recover the sum of $25,000 for damage to its tug Cornell No. 20, allegedly caused by the negligence of the United States acting through the members of the United States Coast Guard and the Department of the Army.

The United States appeals from both the judgment entered in the civil action and the final decree entered in the admiralty suit, awarding half damages to plaintiff-libellant.

On the civil side, the action was under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 and 2671 et seq., in which negligence of the Coast Guard and the Department of the Army was charged for failure to mark a wreck in the navigable waters of the United States. The other action was a libel in admiralty under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781, in which it was alleged that the Coast Guard Cutter "Mariposa," which had taken the wreck in tow, had left it unmarked in navigable waters of the United States.

The Coast Guard Cutter Mariposa, at the request of the United States Army Engineers, recovered the barge Colonel Smith which was found drifting in the navigable channel of the Hudson River. The United States Army Engineers requested that the wreck be moored and pursuant to the request, the Mariposa moored the sunken barge at the Hudson River Day Line pier at Kingston, New York. No request was made to the Coast Guard to mark or buoy the wreck, and it was never marked. The trial court found that the wreck was moored in navigable waters.

The plaintiff-libellant leased the portion of the Hudson River Day Line dock where the wreck had been moored, and its tugs used the leased facilities. The United States Army Engineers' office advised plaintiff-libellant of the existence and the location of the wreck and requested and received permission to leave it there until its removal later. The mooring was done on February 2, 1949, and the wreck was still moored at the same location, still unmarked, on May 2, 1949, three months later, when plaintiff-libellant's tug Cornell No. 20, while proceeding toward the pier, collided with the wreck and sank. At the time of the collision no part of the sunken wreck was visible.

The actions were tried together. Upon the conclusion of the trial the court found the Cornell No. 20 negligent in not having proceeded with due care; but also found that the Government was liable under the Public Vessels Act in that the Coast Guard left the wreck along the wharf in navigable waters, but protruding so that a dangerous situation was created which should have been reasonably anticipated by the Coast Guard. The court also found that the Coast Guard was negligent, under the Public Vessels Act, in leaving the wreck unmarked, and also that the lapse of time after the wreck was moored did not relieve the Coast Guard of its obligation to use due care in marking it.

In a later written opinion Judge Dimock confirmed his ruling as to liability under the Public Vessels Act; and with respect to the civil action under the Federal Tort Claims Act, he ruled that the former Section 736, Title 33, U.S.C.A., 50 Stat. 666, now found in Section 86 of Title 14, U.S.C.A., imposed

a mandatory duty on the Secretary of War (Secretary of Army) to mark the abandoned wreck pending removal. He held, therefore, that the breach of this mandatory duty made the Government liable in the civil action as well as in admiralty under the Public Vessels Act for negligence of the Coast Guard. The court held, though, that there could be only one recovery by plaintiff-libellant, ruling that "recovery under the admiralty decree be made conditional on reversal, vacating, setting aside or annulment of the judgment under the Federal Tort Claims Act, and said judgment being unpaid." [138 F.Supp. 20.]

■ The court's written opinion of February 15, 1956, convincingly describes his ground for finding liability under the Public Vessels Act. He based his decision on negligence in breaching a duty to mark the wreck on the part of the Coast Guard once it had accepted the obligation of mooring it in navigable waters. Moreover, the court found that on the date of the accident the wreck was not lying directly at or flush against the face of the wharf, but that the starboard side of the wreck was about five or six feet from the face of the wharf, so that negligence was chargeable to the "Mariposa" also for the manner in which she moored the wreck. The duty to exercise proper care in what those in charge of the Mariposa undertook to do is clearly indicated. See Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48; Geertson v. United States, 3 Cir., 223 F.2d 68; and United States v. Lawter, 5 Cir., 219 F.2d 559. See also Amory v. United States, not officially reported, United States District Court, District of New Jersey, opinion of Judge Avis, February 20, 1940.

■ Although we affirm the District Court's determination that the Government is liable in the admiralty action, we do not understand why recovery under the decree should have been made conditional upon annulment of the judgment in the civil action. It is perfectly clear that there may be only one recovery even though both the decree in the admiralty suit and the judgment in the civil action be made unconditional in terms. Restatement, Judgments, § 95. Hence, we are of opinion that the decree should be modified to the extent of striking out the conditional clause just referred to.

Inasmuch as the Government must be held liable under the admiralty decree, we find it unnecessary to consider the issues raised in respect of the civil action, and since but one recovery can be had, the judgment in that action is vacated and the complaint is dismissed.

The admiralty decree, as modified, is affirmed.